## WAGNER v. WELLING.

(Supreme Court, Appellate Term. November 12, 1903.)

1. LANDLORD AND TENANT—INJURIES TO TENANT'S EMPLOYÉS—LIABILITY OF GRANTEE OF LANDLORD.

The original owner of a building leased a part thereof to a company, the lessor to furnish "steam heat and elevator service." It was contemplated that the company should use only a sidewalk elevator, which was primarily installed for the use of the company, though there was some evidence that it was also used by the owner for the general purposes of the building. An employé of the company was injured by a fall of the elevator. *Held*, that the liability for the negligent management of the elevator service rested primarily on the original owner, which liability was transferred to his grantee of the premises subject to the lease.

2. SAME—INDEPENDENT CONTRACTOR.

A subsequent grantee of leased premises, liable for the negligent management of the elevator service in the leased building, is not relieved from

liability as to an employé of the tenant by showing that the original owner made a contract whereby a third person bound himself to furnish the heat and electricity for the building, which contract the grantee ratified.

**8. SAME—LESSEE'S COVENANT TO REPAIR.**

The covenant in a lease that the lessee should make repairs does not extend to an elevator in the building, which, under the terms of the lease, the landlord bound himself to furnish, and over which he had control, and which he used in part for his own purposes.

MacLean, J., dissenting.

Appeal from Trial Term.

Action by Edward Wagner against Katherine C. Welling. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Frank V. Johnson, for appellant.
Otto Kemner, for respondent.

FREEDMAN, P. J. The sole question to be determined upon this appeal is whether the defendant or some one else was responsible, as a matter of law, for the negligence resulting in the accident, and for which negligence this action was brought. The verdict of the jury must be taken as resolving all the questions of fact in favor of the plaintiff, there being on each point of dispute some evidence in support of the plaintiff's version. The plaintiff was injured by the fall of what is described as a "sidewalk elevator," running from the street to the basement. The defendant was sued as owner of the building. Her liability was measured by that of her grantor, who conveyed the premises to her subject to the lease theretofore made to plaintiff's employers of the first floor and basement of the premises in question. Plaintiff's employers Sohmer & Co. were engaged in the piano business, and the accident resulted while the plaintiff, with two others, was lowering a piano from the street or first floor to the basement. While this elevator was primarily installed for the sole and particular, use of Sohmer & Co., they being the first tenants of the building, there is some evidence in the record showing that it was also used by the owner for the general purposes of the building, to wit, the removal of ashes. The lease from the original owner to Sohmer & Co. included the obligation on the part of the lessor to furnish "steam heat and elevator service." It is entirely clear from the record, as well as from the value of the letting, that it was not contemplated, and that Sohmer & Co. had no occasion, to use any elevator in this building, other than this sidewalk elevator. Their warerooms were on the floor level with the street, and therefore elevator service for the conveyance of passengers was not required by them. The obligation on the part of the lessor was therefore to furnish the "service" necessary for the sidewalk elevator. The consequence of any negligent management of that service rested primarily upon the landlord. The defendant seeks to be absolved from this liability by showing a contract

made by the original lessor, and adopted and ratified by her, whereby the heat and electricity of the building was furnished by a third party. The theory of an independent contractor cannot, however, be invoked in this case. If the lessor was bound by the terms of the lease to provide the necessary elevator service, he cannot relieve himself from liability for negligent performance by delegating the duty. O'Rourke v. Feist, 42 App. Div. 136, 59 N. Y. Supp. 157.

The covenant in the lease that the lessee should make repairs does not extend to the elevator, in view of the fact that by the terms of the letting the landlord had to furnish elevator service, that the control thereof was with him, and that the use thereof was partly for his own purposes. The evidence shows that such repairs as were actually made had always been made by the engineer or the employés of the contractor employed by the landlord. The judgment should be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). Plaintiff, a piano mover in the employment of piano makers, tenants in a building, operating, as did other employés, a telescope elevator running from the sidewalk to the basement, pulled a chain to start it to lower a piano. The elevator platform dropped. He suffered injuries, and seeks to recover for them from the owner of the premises, the defendant, whose predecessor in title had covenanted with plaintiff's employer for "steam heat and elevator service." What elevator service meant was the subject of much testimony on the trial, and of more argument upon the briefs. Its meaning is not of moment here. As already indicated, the elevator was not a contrivance of the sort commonly known by that name, and so something implying to all having business upon the premises an invitation to enter it and to be carried, but merely a machine for hoisting and lowering the lessees' goods. It was used solely for them and by their men; an adjunct to, and really a part of, their premises, repairs of which requisite for its preservation in good order the lessees were bound to make under their lease. As originally constructed and delivered to the lessees, the apparatus apparently was in good order and serviceable. Several times before the accident it needed attention. This was not brought to the notice of the defendant, however, but the lessees' men resorted to an engineer upon the premises, a man not in the employment of the defendant, but working for a third party, who furnished heat and electricity to the building under a contract. Having shown no privity of relation, and no duty owing him appearing, the plaintiff was not entitled to recover. Curtin v. Somerset, 140 Pa. 70, 21 Atl. 244, 12 L. R. A. 322, 23 Am. St. Rep. 220. His complaint should have been dismissed.

The judgment should be reversed.