SCIOLARO v. ASCH et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. LANDLORD AND TENANT (§ 165*)—USE OF PREMISES—PASSENGER ELEVATORS —INJURIES—LIABILITY OF PROPRIETOR.

An elevator installed in a building many stories high, is a part of the building, and, where a tenant's lease provides for elevator service, the landlord assumes the obligation of seeing that the elevator is kept in proper condition and properly-operated, and he cannot delegate the obligation to another so as to relieve himself from liability.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641; Dec. Dig. § 165.*]

2. LANDLORD AND TENANT (§ 169*)—INJURY TO EMPLOYÉ OF TENANT—ACTIONS —EVIDENCE—LEASE.

In an action by a tenant's employé for injuries from a passenger elevator, the lease providing for the tenant's use of the elevator was admissible in evidence to show the landlord's obligation to have it properly operated and the employé's right to use it.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

Scott and Laughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Personal injury action by Francis M. Sciolaro against Joseph J. Asch, impleaded with another. From a judgment for plaintiff and an order denying a new trial, defendant Asch appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edward P. Mowton, for appellant.
Herbert J. Hindes, for respondent.

McLAUGHLIN, J. Action to recover damages for personal injuries alleged to have been caused by defendant's negligence. The plaintiff was an employé of the firm of Reiter, Fruhauf & Co., which had leased from the appellant Asch the ninth floor of a building owned by him in the city of New York. The lease expressly provided that the tenant might use the elevator for the transportation of passengers or freight in common with the other tenants of the building. The plaintiff, an employé of the tenant, entered the elevator at the ninth floor for the purpose of descending to the ground floor. The elevator was quite full of people at the time, and she, after it arrived at the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ground floor, was the last to attempt to leave it. While she was in the act of doing so, for some undisclosed cause, the elevator suddenly started upwards just as she was about to step out of it, and she was caught between its floor and the top of the door to the shaft and seriously injured. The person in charge of and who operated the elevator had left it shortly before, and was standing some three or four feet away with his back to the plaintiff when she attempted to leave the car. This operator was employed by the defendant the National Steam & Operating Company, which had contracted with Asch to operate the elevators in the building. The plaintiff had a verdict for $12,000, and, from the judgment entered thereon and an order denying a motion for a new trial, defendant Asch appeals.

That the evidence justified the jury in finding that the operator of the elevator was negligent in leaving the car before the plaintiff did, and that her injuries were caused by such negligence, cannot well be doubted under the facts set out in the record before us. If he had been in his place, he could have stopped the car and thus prevented the accident. In this respect the case is very much like the case which was considered by this court in Ingrafia v. Samuels, 71 App. Div. 14, 75 N. Y. Supp. 718. But the appellant contends that, inasmuch as he had contracted with the National Steam & Operating Company to operate the elevators in the building, he cannot be held liable for damages caused by the negligence of its employés. This contention it does not seem to me is well founded, even though it be assumed that the National Steam & Operating Company had entered into the contract claimed, which fact is disputed by the respondent. Elevators in a building of the character of this one installed for the use of the tenants are as essential to the use and enjoyment of the premises leased as are the stairways, halls, or roof of the building. The premises would be practically of little value unless they could be reached by elevators.

In O'Rourke v. Feist, 42 App. Div. 136, 59 N. Y. Supp. 157, the defendant was the owner of an apartment house, and had contracted with a third person to put a new roof upon the building. In the progress of the work the property of the plaintiff, tenant, was damaged, and it was held that the defendant was liable; Presiding Justice Van Brunt saying:

"It is claimed upon the part of the defendant that, because he made an independent contract with a third person to do the work, therefore he was not liable for the injuries which had been sustained. * * * In the case at bar, however, the defendant was the landlord of these premises, and was bound to keep the roof over the tenants, * * * and he was bound to keep the hallways in order, as has been frequently held, and this duty he could not devolve upon any other person. It was one of the implied duties arising from his contract of letting, and, if he failed to perform it, he was responsible for the damages which resulted from such failure."

An elevator in a building many stories in height installed for the purpose of enabling tenants of the upper stories to reach the same is a part of a building. It is an appurtenance to the premises leased; and, if it be improperly constructed or negligently operated, the landlord is liable, and he cannot escape liability by attempting to delegate that duty to some one else. Griffen v. Manice, 166 N. Y. 188, 59 N.

E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. It has been settled by numerous authorities that where a landlord is under obligation to make repairs, he is liable for the negligent way in which such repairs are made, even though he employs an independent contractor to make them. Sulzbacher v. Dickie, 6 Daly, 469; Blake v. Fox (Com. Pl.) 17 N. Y. Supp. 508; Brennan v. Ellis, 70 Hun, 472, 24 N. Y. Supp. 426; Prescott v. Le Conte, 83 App. Div. 482, 82 N. Y. Supp. 411, affirmed 178 N. Y. 585, 70 N. E. 1108; Levine v. Baldwin, 87 App. Div. 150, 84 N. Y. Supp. 92.

Here the lease by the appellant to the employers of the plaintiff expressly provided for the use of the elevator. This imposed upon the lessor the obligation of seeing that the elevator was kept in proper condition and properly operated, which obligation he could not delegate to another so as to relieve himself from liability. Wagner v. Welling (Sup.) 84 N. Y. Supp. 979. The lease was properly received in evidence for the purpose of showing the landlord's obligation, and the plaintiff's right, as an employé of the tenant, to use the elevator. Having assumed to provide elevator service, the landlord must be held liable for negligence in the operation of the elevator, and the fact that the person operating it at the time the accident occurred was employed by a third party cannot relieve him from liability. This rule works no hardship to the landlord; for, if it be true that the contractor is responsible, then the landlord can recover from him any damage sustained by reason of his or his employé's negligence, and, if such contractor be irresponsible, then he is not entitled to protection.

The judgment and order appealed from should be affirmed, with costs. All concur, except SCOTT and LAUGHLIN, JJ., who dissent.

SCOTT, J. (dissenting). I dissent. I agree that it was the duty of the landlord to keep the elevator in proper condition, and that he cannot shield himself for a failure to perform that duty behind a contract with some one else to perform the duty for him. If the accident in this case had resulted from any defect in the elevator or its machinery, the cases cited by Mr. Justice McLaughlin would be applicable. The case made by the proof, however, is one of negligent operation. For this the liability rests upon the person whose servant the operator was. He was not the servant of the owner because the latter had power neither to employ, discharge, or direct him. For these reasons, I think that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

LAUGHLIN, J., concurs.