FANNIE HORN, Appellant, *v.* AARON DANZIGER et al., Defendants, and GUSSIE DANZIGER, Respondent.*

(Supreme Court, Appellate Term, First Department, January, 1920.)

Negligence — action to recover for personal injuries — defective floors — liability of owner of apartment house — evidence.

> Where in an action to recover for personal injuries sustained by plaintiff in tripping and falling over beams in the entrance hall of defendant's apartment house in the city of New York, which the contractors for the work of changing the floor of the hall from wood to tile had left exposed without covering the intervening spaces, it appeared that the accident occurred between seven and eight P. M., that the front doors were closed, that there was no artificial light and that it was so dark that plaintiff could not and did not see the beams, the fact that the work was being done by independent contractors did not release the defendant from liability for his failure to exercise due care in the discharge of his duty to keep the hall in a reasonably safe condition and a judgment for the dismissal of the complaint on the ground that the persons doing the work were independent contractors will be reversed and a new trial granted.
>
> The duty of the owner of an apartment house in the city of New York to use due care in keeping the halls, stairways and passages in a reasonably safe condition, can neither be delegated nor avoided.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, dismissing the complaint on plaintiff's evidence.

Albert & Albert (Samuel J. Albert, of counsel), for appellant.

* Received too late for insertion in proper place.— [REPR.

Appellate Term, First Department, January, 1920.    [Vol. 110.

George J. Finnegan (Charles W. Darling, of counsel), for respondent.

PENDLETON, J.  The action is against the owner for damages for personal injuries caused by falling in the entrance hall of defendant's building.  That the building is the usual apartment house is fairly inferable from the evidence, and is nowhere denied.  The witness Mrs. Glaser occupied an apartment on the ground floor on the right hand or westerly side of the building.  Her dining-room door opens into this entrance hall, and a janitor of the building resides in the basement.  That defendant retained control of the hall is indicated by the contract for alterations in evidence in the case, and not denied.

It appeared that the floor of the hall was being changed from wood to tile; part had been completed and at the place where the accident occurred the wood flooring had been taken up preparatory to laying the concrete and tiles.  According to plaintiff's evidence, when the workmen engaged in the work of alterations stopped for the day, the beams of this entrance hall floor were left exposed with uncovered spaces between them about a foot wide and six inches deep.  The accident occurred between seven and eight P. M.  The front doors were closed; there was no artificial light, and it was dark, very dark; she could not see anything; did not see the beams and by reason thereof tripped and fell and was injured.

On plaintiff's evidence the complaint was dismissed on the ground that the people doing the alterations were independent contractors.  This was clearly error.  Upon owners of apartment houses who retain control of the halls, stairways and passages, used in common by the tenants, the law imposes the duty to see that such parts of the premises are in reasonably safe

condition, and for failure to use due care in the performance of this duty they are liable. This duty they cannot delegate or avoid and if they select others to do the work they are liable for their negligence whether they be servants or independent contractors. In *O'Rourke* v. *Feist,* 42 App. Div. 136, the owner made a contract to have the roof of the building repaired, the contractor's employees left the work unprotected from Saturday to Monday, a storm came on and the goods of a tenant were injured and the owner was held liable for the negligence of the contractor's employees in not properly protecting the work. The same principle was applied where the owner was held liable for personal injuries caused by the negligence of the employee of an independent contractor in operating an elevator intended for the use of all the tenants. *Sciolaro* v. *Asch,* 129 App. Div. 86; affd., with opinion, 198 N. Y. 77. See, also, *Levine* v. *Baldwin,* 87 App. Div. 150; *Prescott* v. *LeConte,* 83 id. 482; *Hicks* v. *Smith,* 158 id. 299. Apart from this question, the ruling was error for the further reason that there was evidence of negligence on the part of defendant quite independently of the negligence of the contractors or their employees, in leaving the floor in a dangerous condition. The complaint having been dismissed, plaintiff is entitled to have the testimony taken in the view most favorable to her case. That the work was done by independent contractors does not release defendant from all liability for due care. The very fact of the alterations is a circumstance calculated to require a greater degree of precaution than otherwise. The owner's obligation is the exercise of due care under the circumstances. In the condition of the premises, the necessity for adequate light was so much the more imperative. The jury might well have found from the evidence that

Appellate Term, First Department, January, 1920.　[Vol. 110.

under the circumstances the failure of the janitor to have this part where the flooring had been removed adequately lighted, was negligence, and if so, defendant is liable. There is no suggestion that it was any part of the contractor's duties or obligation to keep the premises properly lighted.

Bijur and Mullan, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.