GRAYCE WARD, Plaintiff, *v.* BROADWAY MARLBORO REALTY CORPORATION and Another, Defendants.

City Court of New York, New York County, April 2, 1930.

*Lester Hand Jayne,* for the plaintiff.

*Barnett Cohen,* for the defendant Broadway Marlboro Realty Corporation.

Noonan, J. One of these defendants as the owner of the building had made a contract with its codefendant to rubberize the flooring of the eighteenth floor. On the day of the accident workmen were removing the paint from the concrete floor right in front of one of the elevator doors opening onto the floor. There was a patch of flooring about four feet wide and two feet in depth which was covered with a liquid used by the workmen and which made the floor very slippery. Plaintiff, who was employed by one of the tenants on the twelfth floor, entered an elevator on that floor for the purpose of visiting her sister who was employed by another tenant on the eighteenth floor. When the elevator stopped on the eighteenth floor, the door was opened, and the plaintiff stepped out into this patch of floor covered with the liquid substance, without any warning as to its presence, and, after taking two steps, she was thrown prostrate, her feet striking the elevator door. The plaintiff claimed she was quite seriously hurt, and that her clothes were ruined by the acidic qualities of the liquid substance. She has recovered a substantial verdict, and the defendant owner contends on this motion to set it aside that it is not responsible for the negligent act of its independent contractor.

The work of rubberizing the floor, while not inherently dangerous in itself, might become so when circumscribed by conditions under which it was performed. To permit workmen to cover the floor in front of an elevator door with a liquid which would render the floor slippery, and without any warning as to its existence either by way of barrier or sign, was to construct a pitfall for passengers of the elevator. The plaintiff had the right to use the elevator, and the owner of the building was bound to exercise due care in keeping the premises reasonably safe for use. There can be no delegation of the performance of such a duty. (*Besner* v. *Central Trust Co. of New York*, 230 N. Y. 357, 361.) This principle of law is well settled. (*Horn* v. *Danziger*, 110 Misc. 341; *Sciolaro* v. *Asch*, 198 N. Y. 77, 82; *Palley* v. *Egan*, 200 id. 83, 91.) This was not a case of collateral negligence. (*Hyman* v. *Barrett*, 224 N. Y. 436.) The dangerous condition arose from the performance of the work itself at a place in the building where the owner was under the duty of making it safe for tenants and their employees.

As to the other defendant, the independent contractor, it was contended that it had let out the work to a subcontractor, and that it was an employee of the latter who was negligent. The proof, in this respect, was far from satisfactory. This subcontractor was not produced in court as a witness, nor was any of its employees called to testify. I think the jury was right in holding this defendant, as well as the owner, responsible for the plaintiff's injuries.

The motions to dismiss the complaint which were made at the close of the plaintiff's case and at the end of the entire case, and upon which decision was reserved, are denied, with an appropriate exception. The motion to set the verdict aside and for a new trial is denied, with an exception to both defendants. Ten days' stay, and thirty days' to make a case.