**HARRISON v. MORTGAGE INV. CO.**
**No. 5420.**

Court of Appeals of District of Columbia.
Argued April 5, 1932.
Decided April 25, 1932.

Frank B. Hoffman and Francis W. Hill, Jr., both of Washington, D. C., for appellant.

Joseph T. Sherier, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

This was an action in tort to recover for injuries sustained by infant plaintiff in consequence of a fall from an iron stairway leading from an apartment leased to and occupied by her parents. The stair steps were equipped on each side with two iron rail-ings, one 18 inches above the tread of the steps, the other 18 inches above it. The court below sustained a demurrer to the declaration, and the sole question is whether appellee was guilty of actionable negligence in not having the space between the two iron railings and the steps along either side of the stairway closed in such a manner as to prevent an infant using the stairway from falling through the open space. It is not alleged, nor is it contended, that there was any deterioration, decay, or change in the condition since the original construction. At the time of the injury the guard railings were in the same condition as at the time of the letting.

The declaration alleges that the stairs were used in common by all the tenants in the building in going to and coming from an alley at the rear. In these circumstances, it was the duty of appellee as landlord to keep the steps in reasonably safe condition for the uses for which they were intended, but this, without more, does not include an obligation to reconstruct them on a different plan. There is no allegation that any of the tenants of the building ever complained of the character of construction of the stairways, or that any previous accident had occurred in their use. The whole case, therefore, turns upon the question whether the landlord should have anticipated the use of the stairways by an unaccompanied child and have so protected or screened the openings or sides that it would have been practically impossible for an injury to occur in such use as the result of falling through or over the sides of the steps. We know of no rule in the relationship of landlord and tenant which imposes such a duty.

Undoubtedly, as we have said, the landlord assumed the duty of keeping the stairs in safe condition. This grows out of the fact that the stairs were under his control for the use of all his tenants. Hence, notwithstanding they are safe when the tenant goes into possession, it is the duty of the owner to use ordinary care to keep them safe. But this is very far from saying that the landlord is an insurer of the safety of a tenant and his family. In the case at bar, the injury happened not because of a defect in materials or workmanship but because of the character of the structure itself. As it was originally, and as it was at the time of the injury, it was reasonably safe and sufficient to provide safe passageway to any one using it with due care, and while ordinarily a small child is not to be held re-

sponsible for contributory negligence, still, before the owner of the premises can be held liable, there must be a failure on his part to perform a duty which the law imposes. Unless there is such failure, obviously there can be no recovery, and we think there is no law which imposes on the landlord a duty to provide safeguards not otherwise necessary in the ordinary use of the property because of the possibility of injury to a small child. Here the parents leased the apartment with knowledge of the structural condition of the stairway. They made no complaint and exacted no promise to change the condition, and thereby they assumed whatever danger there was in the use of the stairway so long as it was not allowed to get into disrepair. Neither the one nor the other of them would now be heard to complain of an injury resulting alone from the structural character of the stairs, and, in our opinion, their infant child stands in no better position. She was using the premises in the right of her parents as tenants, and if the circumstances are such that they cannot recover, neither can she. For other cases on this subject, see Doyle v. Union P. R. Co., 147 U. S. 413, 426, 13 S. Ct. 333, 37 L. Ed. 223; Miller v. Hooper, 119 Me. 527, 112 A. 256; Stinson v. Metzger, 24 Ohio Cir. Ct. R. (N. S.) 542; Horn v. Danziger, 110 Misc. Rep. 341, 180 N. Y. S. 96; Burke v. Hulett, 216 Ill. 545, 75 N. E. 240; Brown v. Wittner, 43 App. Div. 135, 59 N. Y. S. 385, and Lucy v. Bawden, 2 K. B. (1914) 318.

Affirmed.