## LAWLER v. CAPITAL CITY LIFE INS. CO., Inc.

### No. 5808.

Court of Appeals of the District of Columbia.
Decided Dec. 18, 1933.

Lester Wood and Elmer T. Bell, both of Washington, D. C., for appellant.

Charles S. Baker and Benjamin L. Tepper, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This appeal is brought by the plaintiff below from a judgment upon a verdict directed for the defendant at the conclusion of plaintiff's case in a personal injury action based on alleged negligence in the maintenance of a rail guarding a stairway.

On June 29, 1929, the Capital City Life Insurance Company, defendant below and appellee here, bought from the Operative Plasterers' & Cement Finishers' International Association, Local No. 96, hereafter called the union, the house numbered 507 E Street Northwest, in Washington, D. C., theretofore wholly occupied by the union as its headquarters, with the exception of a barber shop in the basement.

This building is a three-story brick dwelling house, remodeled for business purposes.

Its front areaway or basement running its full width has two doors, one near the west wall leading into the barber shop, and one near the east wall leading into the cellar of the building.

There are several stone steps at the western end of this areaway leading down from the sidewalk and affording access to the barber shop and the cellar.

Directly above this cellar door, and a few feet above the level of the sidewalk, is the door of the main building with a metal landing in front reached from the sidewalk by seven iron steps.

Extending from the bottom of this stairway to the front door there is on each side an iron guard rail, the eastern one of which gave way and occasioned the fall and injury of the plaintiff complained of in this litigation.

By the terms of the sale, the union, an unincorporated association, was permitted to, and did, remain in possession of its quarters for ninety days after the sale as a tenant by sufferance at a nominal rent; while the rent for the barber shop was paid to the insurance company by the barber.

On the evening of September 27th, the plaintiff, as a member of the union, attended a meeting thereof in the assembly room of the building, and when leaving he stopped upon the landing at the front door to talk with an acquaintance.

This man stepped to the west side of the landing, while the plaintiff stepped to the east, to permit several others to pass between them.

In so doing plaintiff leaned against the eastern guard rail, which gave way, causing him to fall into the areaway below where he was seriously injured.

Thereafter he filed this action against the insurance company alleging that, as owner of the building in possession and control thereof, it failed in its duty to keep the property in a reasonably safe condition for persons lawfully using it.

The defense was that the union and not the insurance company was in possession of the entire property to which the stairway in question gave access; that the company not having agreed to repair, the duty of maintenance was upon the tenant in possession; and that if any right of action accrued from the acci-

dent, it lay against the union, and not against the insurance company.

The trial court took this view of the case and at the conclusion of plaintiff's evidence, upon motion of defendant, directed a verdict in its favor.

■ Under earlier decisions of this court relied on by the appellant a landlord who rents parts of a building to different tenants retaining control of the building himself, is obligated to keep the common portions of the building, such as stairways and halls, in repair, but this doctrine has no application to this case, because there were no portions of the building used or held in common by the barber and the union.

The barber had his own street door in the basement below the sidewalk, and once in his shop he had no access to the remainder of the building; and no common ground with the union that occupied that remainder. While the union had its own street door above the sidewalk whereby it entered its own domain, with no access to or common ground with the barber.

It was at this street door of the union that the accident occurred.

The insurance company had no other tenants in the building, and sought none, as it bought the building for its own use and moved its offices there when the union found another habitation.

After the sale, the union occupied the same quarters as before; for the same purposes as before; and there maintained the same caretaker as before.

■ In this situation the case is governed by the general rule applicable between landlord and tenant, where it is long established that upon the letting of a house there is no implied warranty by the landlord that the house is safe; or well built; or reasonably fit for the occupancy intended. The tenant is a purchaser of an estate in the property he rents, and he takes it under the gracious protection of caveat emptor.

This situation, of course, is changed by an express agreement of the landlord to repair and maintain; or by his fraudulent statement, concealment, or deceit touching dangers or defects known to him; and probably, without actual fraud, if the tenant expressly deals with the matter to his injury while relying only upon the landlord's representations and not upon his own observations. But there is no contention that any of those exceptional conditions exist here, on the contrary the union as owner and occupant of the property for years before its purchase by the insurance company, and as tenant thereof continuously thereafter, was in a better position than the insurance company to know or observe any defective condition in the stairway.

■ And persons coming upon such a property by permission of the tenant cannot be regarded as coming by invitation of the landlord so as to create a greater liability from the landlord to them than to the tenant himself.

The plaintiff relies largely on three cases in this court. Security Savings & Commercial Bank v. Sullivan, 49 App. D. C. 119, 261 F. 461; Altemus v. Talmadge, 61 App. D. C. 148, 58 F.(2d) 874; Walker v. Dante, 61 App. D. C. 175, 58 F.(2d) 1076.

But those cases are distinguished from the present case either because of common use by two or more tenants, or because some act of the landlord had modified the exclusive use or possession of a sole tenant.

Since the trial court was right in directing the verdict, the other assignments of error need no consideration here, and the judgment will therefore be affirmed.

The following authorities are considered to support the conclusions here reached: Doyle v. U. P. Ry. Co., 147 U. S. 413, 13 S. Ct. 333, 37 L. Ed. 223; Howell v. Schneider, 24 App. D. C. 532; Bowe v. Hunking, 135 Mass. 380, 46 Am. Rep. 471; Woram v. Noble, 41 Hun, 398, 1 N. Y. St. Rep. 499; Delancy v. N. Y. Polyclinic Medical School, etc., 69 Misc. 625, 126 N. Y. S. 94; Hett v. Janeen, 22 Ont. 414; Runyon v. Los Angeles, 40 Cal. App. 383, 180 P. 837; Roberts v. Lipschitz, 30 Pa. Dist. R. 484; Meade v. Montrose, 173 Mo. App. 722, 160 S. W. 11; Kearines v. Cullen, 183 Mass. 298, 67 N. E. 243.

Affirmed.