## BALDI v. AMBROGI.

### No. 6758.

United States Court of Appeals for the District of Columbia.

Argued Feb. 8, 1937.

Decided March 8, 1937.

George P. Lemm and Harold Brody, both of Washington, D. C., for appellant.

Jacob N. Halper, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

This is an appeal from a final decree of the District Court dismissing a bill to impress a trust on real estate. The court below made findings of fact as follows:

"Sometime during July, 1934, he [the plaintiff] contracted to buy from one Willson two improved parcels of real estate known as 1829 and 1831 K St., N. W., in the District of Columbia, for the price of $21,500. No. 1829 was subject to a trust to secure $10,000; No. 1831 was free of encumbrance. Plaintiff, at about the same time, entered into a contract with one Desio to re-sell No. 1831 for $10,000, leaving the sum of $1500 required to consummate the purchase from Willson. Plaintiff then entered into an agreement with the defendant whereby defendant agreed to advance to the plaintiff the required $1500 and further advance an estimated sum of $1000, for the purpose of purchasing No. 1829 and remodeling the same. It was then agreed that title to No. 1829 should be taken in the name of the defendant, as security, and then be held as the joint property of plaintiff and defendant. * * * Defendant denied any agreement as alleged by the plaintiff. * * * *"

In addition to denying any contract with plaintiff, defendant pleaded the statute of frauds (T. 11, ch. 1, § 3, D.C.Code 1929), and the court below held that, without determining whether an agreement was in fact made, the parol agreement as alleged and sought to be proved by plaintiff was unenforceable under the statute of frauds. We think this conclusion correct.

Plaintiff's bill sets out the alleged contract as follows:

" * * * It was finally agreed by and between the plaintiff and defendant * * * that the defendant advance to the plaintiff $1500. in cash to close said Willson contract and further to advance whatever cash was necessary to remodel premises 1829 'K' Street, Northwest, which was estimated to be approximately $1,000., in consideration of the plaintiff transferring title of said property to the defendant, (as security) and to share equally with the defendant his interest in the property and any and all profits or income accrued therefrom."

And the prayer of the bill is:

"That the property be impressed with a trust to the extent of a one-half undivided interest therein in favor of the plaintiff."

Thus it will be seen that plaintiff bases his right upon alleged title to one-half of the beneficial interest or ownership in the property; and upon the theory of his suit as brought his right to participate in the enjoyment of the property is predicated wholly upon the establishment of this trust. See Morgart v. Smouse, 103 Md. 463, 466, 63 A. 1070, 1072, 115 Am.St.Rep. 367, 7 Ann. Cas. 1140. In McIntosh v. Green, 25 App.D. C. 456, we held that a parol agreement by one to purchase land in his own name, to pay for it with his own money, and to hold it for the benefit of another person, does not, if executed, create a resulting trust in such other person, and is void under the statute of frauds as an attempt to create by parol an express trust in land. The facts in the McIntosh Case are substantially like those found here by the trial court, and we regard the rule announced in that case as controlling in this.

In the argument in this court, plaintiff undertook to mend his hold by claiming that the evidence was consistent with an agreement made between the parties to purchase, develop, and sell the lands for joint account and to share equally the profits and losses of the venture, and an examination of plaintiff's testimony shows some basis for this claim. But, as we have seen, this theory is wholly inconsistent with the averments and prayer of the bill and equally inconsistent with the points urged in the court below. Relief upon the theory now urged cannot be given upon the bill as drawn. Nothing is better settled than the rule that one may not try a case upon one theory and then reverse the judgment against him in the appellate court upon another and inconsistent theory which is not presented, urged, or tried in the court below. Lesser Cotton Co. v. St. Louis, etc., Ry. Co. (C.C.A.) 114 F. 133, 142; Hatcher v. Northwestern N. I. Co. (C.C.A.) 184 F. 23, 26; Illinois Cent. R. Co. v. Egan (C.C. A.) 203 F. 937; New York, L. E. & W. R. Co. v. Estill, 147 U.S. 591, 13 S.Ct. 444, 37 L.Ed. 292.

The decree dismissing the bill was correct and is affirmed.

Affirmed.