**BENNETT et al. v. BENNETT et al.**

**Civ. No. 4473–48.**

United States District Court
District of Columbia.

March 10, 1949.

Herbert P. Leeman, and Naomi Wheeler, both of Washington, D. C., for plaintiffs.

Benj. L. Tepper, of Washington, D. C., for defendants.

PINE, District Judge.

This case comes before me on a motion to dismiss the amended complaint, which contains the following allegations:

Defendant Ernest S. Bennett, father of plaintiffs, purchased a dwelling for himself and family and executed a deed of trust thereon to secure money advanced for the purchase price. It is located in the District of Columbia, and is assessed for taxation at $5,341. About a year later, in 1931, defendant conveyed the property to his wife, Nellie E. Bennett, as a gift. Thereafter she applied toward the payment of the encumbrance thereon the proceeds of two $1,000 endowment policies. The property in time was made free of encumbrance, and thereafter defendant, "with intent to defraud the said Nellie E. Bennett of her sole ownership and control of the property falsely represented to her * * * that it would be to her best interest and the best interest of their children * * * to change the title to the said real estate to a tenancy by the entirety with him." Defendant also co-

erced his wife, by force and putting her in fear, into conveying the property, without monetary consideration, to himself and wife as tenants by the entirety. At the time she was in failing health, as was known by defendant, but she obtained his agreement to convey the property to plaintiffs if he survived her, and he stated to his wife that he would exert every effort to protect the interest of their children, plaintiffs herein, and would preserve the property as a home for them.

Nellie E. Bennett died August 18, 1947, and defendant Ernest S. Bennett thereupon became sole record owner.

Defendant has stated to plaintiffs many times that the title to the property was held by him under his agreement with his wife for the benefit of plaintiffs, and has repeatedly promised to carry out his agreement and convey the same to them when plaintiff Paul E. Bennett became 18 years of age. He has become 18 years of age, but defendant has refused to make the conveyance. Instead, he has evicted the plaintiffs, has remarried, and has been receiving the rents and profits from the property. Defendant also is now attempting to sell the property and has obtained a contract for this purpose, consummation of which has been prevented by the filing of this complaint.

Although it is not definitely stated in the complaint, there is no claim that the agreement for conveyance referred to therein was in writing, and defendant contends that it cannot be enforced by virtue of Section 12—303, D.C. Code 1940, which provides that "All declarations * * * of trust * * * of any lands * * * shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust * * * or else they shall be utterly void and of none effect." But this same section also provides that "Where any conveyance shall be made of any lands * * * by which a trust * * * shall or may arise or result by the implication or construction of law * * * then and in every such case such trust * * * shall be of the like force and effect as the same would have been if this statute had not been made."

The facts above set forth, if established, would come within the second provision of the statute of frauds above quoted, and a trust would arise or result by "implication or construction of law". This view finds support in the opinion of former Chief Justice Groner in the case of Mandley v. Backer, 73 App.D.C. 412, 121 F.2d 875, 876, wherein he stated for the Court that it is "a settled rule that if a person acquires title to lands by means of an intentionally false and fraudulent verbal promise either to hold the same for a specified purpose or to convey or reconvey to a designated individual and, having thus fraudulently obtained title, retains the property as his own, equity will regard such person as holding the property charged with a constructive trust and will compel him to fulfill the trust by conveying according to his engagement. In the cases in which the rule has been applied it is said that it is not the parol contract but the trust that is sought to be enforced. That, we think, is precisely the case here. To permit the trust to be repudiated and the evil-doer to retain the fruits of his fraud would be wholly at variance with the fundamental principles of equity."

This is not contrary to the holding of the Court of Appeals in Baldi v. Ambrogi, 67 App.D.C. 101, 89 F.2d 845, wherein the Court held that a verbal agreement to advance funds, and not an advancement, for the purchase of property, was unenforceable to establish an interest therein by reason of the statute of frauds. Nor is it at variance with Chiswell v. Johnston et al., 55 App.D.C. 3, 299 F. 681, wherein the Court held that a verbal trust relation was without force or effect to defeat creditors. Neither does Long v. Scott, 24 App. D.C. 1, cited by defendant, have application to the present case, as that simply held that absence of proof of the proportion of the money advanced by plaintiff for the purchase of a house to the entire purchase price precluded the establishment of a resulting trust to any part of the property, but would permit the enforcement of an equitable lien in plaintiffs' favor in the amount of her advancement. The instant case presents no such factual situation, as here defendant's wife made payments on a house already belonging to her and then, when it was free of incumbrance, conveyed it under the conditions and for the purpose above set forth. See also, in this connection, Major v. Shaver, D.C. D.C., 6 F.R.D. 207, 208.

The defendant further contends that plaintiffs do not have the capacity to sue, and cites Section 12—101, D.C. Code 1940, as amended, 62 Stat. 487, which provides that "On the death of any person in whose favor * * * a right of action may have accrued for any cause prior to his death, said right of action shall survive in favor of * * * the legal representative of the deceased". In this case the right of action did not accrue prior to the death of defendant's wife, and therefore the section is without application. The cause of action in this case accrued, according to the allegations of the complaint, after her death and upon the refusal of defendant to fulfill his obligation.

The motion to dismiss will therefore be denied. Counsel will submit appropriate order.