RISHTY et al.

v.

R & S PROPERTIES, Inc.

No. 1402.

Municipal Court of Appeals for the
District of Columbia.

Submitted Nov. 30, 1953.

Decided Dec. 15, 1953.

Maurice A. Guervitz, Washington, D. C.,
for appellants.

William H. Clarke, Richard W. Galiher
and William E. Stewart, Jr., Washington,
D. C., for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Appellants, tenants of commercial property, brought suit against their landlord for damages to the leased premises and to personal property therein owned by them, caused by water seepage. Landlord moved for summary judgment on the ground that lessees had expressly covenanted that they would at their own expense keep the premises, building, fixtures, plumbing and appurtenances in good repair, and that the lessor should not be liable therefor. The lease, which was before the trial court in connection with the motion, also provided that all personal property in the premises shall be and remain at their sole risk, and further that "Landlord shall not be liable for any damage to, or loss of such personal property arising from the leaking of the roof, or from the bursting, leaking or overflowing of water, sewer or steam pipes, or from heating or plumbing fixtures, * * or from any other cause whatsoever, * * the Tenant expressly agreeing to save the Landlord harmless in all such cases."

The motion was granted and judgment entered for defendant. By this appeal the tenants challenge the correctness of that ruling.

They do not seem to question that under the terms of the lease the landlord is absolved, but contend that the provision of the lease excluding landlord's liability should be held invalid as against public policy. They cite Kay v. Cain, 81 U.S.App. D.C. 24, 154 F.2d 305. That case involved injury to a tenant of an apartment. The injury occurred in a portion of the apartment building under the landlord's control, and was caused by defective lighting. The present case is in no way comparable. Here the property is commercial, the landlord retained no control over any portion of the premises, and principles of public policy which might affect residential leases (especially during Rent Control) do not apply here. It is clear from the pleadings and the lease that there was no basis for imposing liabili-

ty on the lessor. See Bowles v. Mahoney, 91 U.S.App.D.C. 155, 202 F.2d 320, certiorari denied, 344 U.S. 935, 73 S.Ct. 505, 97 L.Ed. 719; Lawler v. Capital City Life Ins. Co., 62 App.D.C. 391, 68 F.2d 438; Enquist v. Didden, 41 App.D.C. 179. See also, Fortner v. Moses, D.C.Mun.App., 49 A.2d 660.

Affirmed.