Mark W. MORGAN, an infant, by Herbert N. Morgan, his Father and next friend, Appellant,

v.

James E. GARRIS and Newcomb-Jones Realty, Inc., Appellees.

No. 2647.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 31, 1960.

Decided Feb. 8, 1961.
Rehearing Denied March 1, 1961.

Wallace McGregor, Washington, D. C., for appellant.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Re-tired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellees were the owner and real estate agent of premises on which appellant, an occupant, sustained personal injuries as a result of a fall from a stairway. In this suit for damages, appellant, through his father as next friend, charged appellees with negligently maintaining the stairway by failure to install an adequate railing. After depositions were taken, the court granted summary judgment against appellant and this appeal followed.

Appellant, a child nearly three years of age, lived with his parents in a two-story house leased from appellees. Two other tenants occupied a section of the basement, with the remaining space allocated to common storage and laundry facilities. At the rear of the dwelling two adjacent stairways provided means of entry. The first, protected by a single pipe handrailing along each side, led to the Morgans' living quarters while the second descended to the basement's only entryway. This was the site of the accident upon which the instant suit is based. On October 15, 1958, appellant lost his balance climbing the stairs to the first floor and fell under the pipe railing into the open basement stairwell below.

The parties signed the lease to this house in September 1957. During preliminary negotiations a representative of appellee Newcomb-Jones Realty, according to plaintiff's father, stated: "That this was a dangerous condition and that if I had a little boy something would have to be put around those steps." When asked whether the agent promised to correct the condition Mr. Morgan answered, "Not specifically promised, I wouldn't say," but "There was some general discussion concerning the steps * * *." Mrs. Morgan testified

that she requested a protective screen to cover the opening in March 1958 but that appellees declined to comply because they regarded the estimated cost as excessive.

The foregoing constitutes the substance of depositions taken of the Morgans. On these undisputed facts the trial court's award of summary judgment for appellees was undoubtedly correct.

■ Absent agreement or other statutory or regulatory duty it is established that a landlord is relieved of liability for injuries caused by defects on premises which he has surrendered to the full control of a tenant.[1] Furthermore, even where the landlord retains control over the affected area, he is only obligated to exercise due diligence in correcting conditions of deterioration and disrepair. He is not required to convert what is structurally sound to a more desirable form,[2] for the landlord's duty extends to maintaining the property, not improving it.

■ At the time of the letting the Morgans recognized that the stairway was inadequate to protect a child from falling off the steps. Despite their apprehension, the Morgans rented and took possession of the premises without exacting a commitment from appellees to remedy the condition. In so doing, they acquired complete control of the stairway and assumed the risk of its unsafe character. Unlike the stairway leading to the basement, this one was for the Morgans' exclusive use. Under these circumstances appellees may not be held responsible for failing to enclose the sides of the stairway.

Affirmed.

1. Lawler v. Capital City Life Ins. Co., 1933, 62 App.D.C. 391, 68 F.2d 438; Hariston v. Washington Housing Corporation, D.C.Mun.App.1946, 45 A.2d 287.

2. Harrison v. Mortgage Inv. Co., 1932, 61 App.D.C. 155, 58 F.2d 881; 1 Tiffany, Real Property § 109 (3d ed. 1939).