Mark W. **MORGAN**, an infant, by Herbert N. Morgan, his father and next friend, Appellant,

v.

James E. **GARRIS** and Newcomb-Jones Realty, Inc., Appellees.

No. 16247.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 22, 1961.

Decided May 31, 1962.

---

Miller, Chief Judge, and Danaher, Bastian and Burger, Circuit Judges, dissented.

Mr. Daniel I. Sherry, Washington, D. C., with whom Mr. Albert T. Hamlin, Washington, D. C., was on the brief, for appellant.

Mr. Frank J. Martell, Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER and WRIGHT, Circuit Judges, sitting in banc.

EDGERTON, Circuit Judge.

The appellant, a child not quite three years old, fell off the back stairs of his rented home into an areaway and was injured. The appellees are the owner of the house and the owner's rental agent. The suit charges them with negligence in failing to install a proper protecting rail. Depositions showed that the only protection was a single pipe handrail and that the child's mother had complained to the agent. The Municipal Court entered summary judgment for the defendants and the Municipal Court of Appeals affirmed. We allowed an appeal.

■ ■ We think the defendants were not entitled to summary judgment. Whetzel v. Jess Fisher Management Co., 108 U.S.App.D.C. 385, 282 F.2d 943. D. C. Housing Regulations § 2508. Bowles v. Mahoney, 91 U.S.App.D.C. 155, 202 F. 2d 320, involved a dangerous condition that arose during the term of the lease and was decided before the Commissioners of the District of Columbia had adopted the Housing Regulations discussed in Whetzel. Although the present appellant's counsel did not cite Whetzel or the Regulations until he asked for a rehearing in the Municipal Court of Appeals, we think the Regulations should not be ignored when the Municipal Court deals with the case on remand. "There may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below." Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037. Mulligan v. Andrews, 93 U.S.App.D.C 375, 376, 211 F.2d 28, 29; Ward v. Anderson, 93 U.S. App.D.C. 156, 208 F.2d 48; Schaff v.

R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 144 F.2d 532; and see Bullock v. Young, 118 A.2d 917, 919 (Munic.Ct. of Apps.). Cf. Montgomery v. Virginia Stage Lines, 89 U.S.App.D.C. 213, 191 F.2d 770. Although we " 'cannot hold a trial court to be in error in failing to decide an issue not put before it in a civil action' * * * it does not follow that we can never decide such an issue or remand a case to the [trial court] with directions to decide it." Stouper v. Jones, 109 U.S.App. D.C. 106, 109, 284 F.2d 240, 243 (concurring opinion of Judge Bazelon). The Supreme Court has said, "we have power not only to correct error in the judgment under review but to make such disposition of the case as justice requires." Patterson v. Alabama, 294 U.S. 600, 607, 55 S.Ct. 575, 79 L.Ed. 1082. This Court also has this power. 28 U.S.C. § 2106. Our Rule 17(g), 28 U.S.C. is somewhat analogous. It provides that "Points not presented according to the rules of the court, will be disregarded, though the court, at its option, may notice and pass upon a plain error not pointed out or relied upon."

██ Since the suit is brought on the child's behalf, it is immaterial whether his parents were or were not negligent.

Reversed and remanded to the Municipal Court.

FAHY, Circuit Judge (concurring).

I agree entirely with the opinion written by Judge Edgerton for a majority of the court. The dissenting opinion prompts this brief additional concurrence.

Section 2508 of the Housing Regulations is by no means in terms limited to "Interior stairs," and we should not decide now, as our dissenting brethren would do, that it has no bearing on this case. Appellant had no trial, and the Regulation was not considered by the trial court. See Hecht Co. v. McLaughlin, 93 U.S.App.D.C. 382, 385, 214 F.2d 212, 215, where we said:

"for us to rule on the present record whether or not the regulation applied * * * would be unwise without the benefit of available relevant evidence, followed by a ruling by the trial judge after hearing it."

The dissent states that there is no indication in the Housing Regulations that the Government intended to require landlords to design construction so as to prevent three year old children falling and being hurt. This depends on what one means by "so as to prevent" and by "falling and being hurt." Be that as it may, the Regulations do present the question whether landlords are required to protect an areaway opening with unprotected stairs over it, such as is shown by Exhibit 2 in the record before us. Exhibit 2 is a photograph of the scene of the accident.

I know of no reason to suppose that the decision of our court in this case will cause "enormous reconstruction" of rented dwellings in this city, etc., as the dissenting opinion states. This child did not merely fall to the ground off unprotected steps. This child fell off unprotected steps into an open unprotected areaway underneath unprotected steps. This is apparent from Exhibit 2. I am confident such a condition is rare in this city and that our decision will not cause any "enormous reconstruction", etc.

As to the fear expressed in the dissent that owners of such premises may not rent to families with children if the Regulation is held to apply, I believe families with small children would be fortunate should they be unable to rent premises in such a condition as existed in this case. The danger to small children is great, and obvious. Moreover, where such a condition does exist it can easily be remedied at small expense, as was done by the landlord in this case after the accident.

I am authorized to say that Circuit Judges Edgerton, Bazelon, Washington and Wright join in the views above expressed.

WILBUR K. MILLER, Chief Judge, and DANAHER, BASTIAN and BURGER, Circuit Judges, dissent on

the basis of the opinion of the Municipal Court of Appeals, 167 A.2d 794 (D.C. 1961), and on the draft dissent of Judge Prettyman,* prepared when he was the dissenting member of the original panel, which is as follows:

I differ with my brethren on this case and would affirm the Municipal Court of Appeals.

A child some 32 months of age fell off a flight of stairs at the rear of the home rented by his parents. His father, in his behalf, sued the landlord. Depositions were taken and interrogatories asked and answered. Upon the papers thus before him the trial judge entered summary judgment for the landlord. The Municipal Court of Appeals affirmed.

The Morgans lived on the first and second floors of a semi-detached house, rented. The rear entrance was several feet above the level of the yard and was reached by a flight of about a half dozen concrete steps. An iron rail, three or four feet above the treads, anchored by posts, ran up each side of the steps. A basement apartment was occupied by other tenants. A flight of steps ran down from the yard level to the entrance to this apartment. This down-flight was partly adjacent to, and partly underlay, the steps up to the Morgans' living quarters.

The Morgan child fell from the top of the steps leading up to the rear of his home. The accident was witnessed by his mother, who described it in this fashion: She was "[s]tanding in the door" and saw him coming up the steps. He wanted to come in the house and was standing on the top step. The back door opens out toward the steps. She could not open the door and "asked him to go down. * * * He wouldn't go down and he lost his balance and fell." The child landed in the basement areaway and was badly cut.

The steps and the rail were without defect in materials or workmanship. The steps were dry and clean. The little boy had played in the rear yard for months prior to the accident. The theory of plaintiff's case, as alleged in the amended complaint, was that the landlord failed "to install a proper protecting rail upon the said stairs."

Under the law in this jurisdiction before our decision in Whetzel v. Jess Fisher Management Co.,[1] it was firmly established that, absent contract, a landlord who surrendered control of premises to a tenant was not liable for injuries due to obvious structural conditions, not defective in workmanship or material; indeed, he was not liable for defects developing during the tenancy.[2] There can be no doubt that under the law as it then was this landlord is not liable in this case.

In Whetzel we held a violation of the Housing Regulations of the District of Columbia might be either negligence *per se* or evidence of negligence on the part of the landlord. It is now urged that the landlord in the case at bar could be liable under that doctrine. To me two propositions negative that conclusion. In the first place the point was not raised in the trial court or even before decision by the Municipal Court of Appeals. I think it came too late. The situation is not a matter of manifest injustice or of unusual hardship. The injuries consisted of a gash on the child's forehead, a considerable one to be sure, requiring nineteen stitches, but no other hurt. The father's out-of-pocket expenses total

---

* Since writing the proposed dissent, Judge Prettyman has retired and did not participate in this rehearing *en banc*.

1. 108 U.S.App.D.C. 385, 282 F.2d 943 (1960).

2. Harrison v. Mortgage Inv. Co., 61 App. D.C. 155, 58 F.2d 881 (1932); Lawler v. Capital City Life Ins. Co., 62 App.D.C. 391, 68 F.2d 438 (1933); Bowles v. Mahoney, 91 U.S.App.D.C. 155, 202 F.2d 320 (1952), cert. denied, 344 U.S. 935, 73 S.Ct. 505, 97 L.Ed. 719 (1953); Jamieson v. Woodward & Lothrop, 101 U.S.App. D.C. 32, 247 F.2d 23, cert. denied, 355 U.S. 855, 78 S.Ct. 84, 2 L.Ed.2d 63 (1957); Fortner v. Moses, 49 A.2d 660 (Mun.Ct.App.D.C.1946).

$100.00.[3] The rule is well settled that points of law of this sort will not be considered by an appellate court unless presented to the trial court; absent compelling circumstances of injustice or hardship.[4] No such circumstances exist here. The rule is a sound one, and I would apply it in this case. The function of the Court of Appeals is to correct errors, not to afford *de novo* re-litigation, and piecemeal review is be avoided whenever possible.

But, be that as it may, I find nothing in the Housing Regulations which requires landlords to construct premises so as to protect three-year-old children from falling down or off outdoor stairs. The section entitled "Stairways, Steps and Porches" (Sec. 2508) provides for protective guards on stairwell openings, on open porches, and on "Interior stairs". This is the only section dealing with the subject. It says nothing about outside stairways or steps. No porch is involved in this case. The child, as his mother testified, and as the photo exhibits show, fell off the top step of a flight of steps. There simply is no Regulation prescribing measures for the sort of construction feature here involved, i. e., outside steps.

Appellant-plaintiff urges the sentence in the Regulation which reads: "All stair well openings shall have a balustrade or other guard along the entire length of any open, unprotected side." But that sentence has no application here. No balustrade or other guard along the length of either side of the stairwell would have protected the Morgan child. He fell from above down through the open top of the well. If there had been a solid balustrade around both the side and the end of the stairwell, it would have neither prevented nor impeded the child's fall. The only protective device which would have been effective would have been a balustrade up the sides of the upgoing steps. And this is the clear and precise theory of the plaintiff's case. But the Regulations make no such requirement. I do not see how the landlord can be held liable for violating a requirement which is not in the Regulations.

I repeat, lest it be forgot, that we are not discussing defects or faulty operation; we are talking about basic construction and government requirements therefor. The child, as his mother explained, "lost his balance" and fell. He fell under the handrail. I find no intimation in the Housing Regulations that the government intended to require landlords so to design construction as to prevent three-year-old children from falling and being hurt.

The opinion of the court in this matter will cause an enormous reconstruction of rented dwellings in the city. Few outside stairways are constructed with a view to the protection of small children from falling. As any casual observation will demonstrate, many outside stairways throughout the city, even to schools, churches, and public buildings, are protected by a single iron handrail on each side, as this one was. So far as I understand the law, quite in disagreement with my brethren, this re-building is not required. Moreover, and even more seriously, the court's opinion will constitute a well-nigh irresistible compulsion upon landlords to refuse tenancies to parents with small children. Landlords are not required to rent to parents of small children. Liability for damages for negligence because of the con-

3. Of the $100.00, the pre-trial statement described $90.00 as "reasonable value," even though listed as "out-of-pocket expenses".

4. Baldi v. Ambrogi, 67 App.D.C. 101, 89 F. 2d 845 (D.C.Cir. 1937); Madison v. Phillips, 103 U.S.App.D.C. 11, 254 F.2d 348 (D.C.Cir. 1958); Brown v. Rudberg, 84 U.S.App.D.C. 221, 171 F.2d 831 (D.C. Cir. 1948); Osin v. Johnson, 100 U.S. App.D.C. 230, 243 F.2d 653 (D.C.Cir. 1957); Hardy v. Northwestern Fed. Sav. & Loan Ass'n, 102 U.S.App.D.C. 371, 254 F.2d 70 (D.C.Cir. 1957); Metropolitan Broadcasting Corp. v. Lebowitz, 110 U.S. App.D.C. 336, 293 F.2d 524 (D.C.Cir. 1961); Geraghty v. Heigle, 106 U.S.App. D.C. 280, 272 F.2d 509 (D.C.Cir. 1959). The last-named is especially pertinent here.

struction of steps upon or from which small children may fall is a great burden, not to be undertaken unless necessary. I suspect that many owners of rentable property will not voluntarily assume the liability.

I see no genuine issue of a material fact in this case. And I see no legal duty which this landlord violated. He was entitled to judgment. I would affirm.

I agree with Judge Edgerton in respect to any allegation of negligence on the part of the parents. In a suit on behalf of the child (not on their own behalf) such negligence is immaterial.