**Silvia O. COOPER, Appellant,**

v.

**Jacob C. LISH, agent for Super Salvage Company, a corporation, Appellee.**

**No. 17285.**

United States Court of Appeals District of Columbia Circuit.

Argued April 22, 1963.

Decided May 8, 1963.

---

---

Mr. John J. Spriggs, Jr., Washington, D. C., for appellant.

Mr. John F. Cooney, Washington, D. C., for appellee.

Before PRETTYMAN, Senior Circuit Judge, and DANAHER and WRIGHT, Circuit Judges.

DANAHER, Circuit Judge.

One Donald N. Cooper died on July 18, 1961 as a result of injuries arising out of and in the course of his employment by the corporate appellee. The Deputy Commissioner on or about December 4, 1961 denied appellant's compensation claim filed pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act.[1] Thereupon, appellant as Cooper's widow on January 3, 1962 [2] filed this action seeking damages for loss of consortium. Summary judgment was entered for the appellee on the ground that the tort action was barred by section 5 of the Act.[3]

In aid of its defense in the District Court, the appellee filed the affidavit of the manager of its insurance carrier's District of Columbia office. The affiant stated that following the accident which had resulted "in the death of one Donald N. Cooper, an employee of the Super Sal-

---

1. 44 Stat. 1424, 33 U.S.C. § 901 et seq., made applicable to the District of Columbia by 45 Stat. 600, D.C.Code § 36–501 (1961).

2. A compensation order becomes final at the expiration of the 30th day thereafter unless suspended or set aside as not in accordance with law through injunction proceedings brought by a party in interest against the Deputy Commissioner pursuant to the provisions of 33 U.S.C. § 921 (1958).

3. Section 5 of the Act in pertinent part provides:
   "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife * * * and anyone otherwise entitled to recover damages from such employer * * *."

vage Company, the employer, Super Salvage Company did file notice with the compensation department and the Hartford Accident and Indemnity Company and a hearing was held on the case." Additionally, the appellee's answer set up that the appellant was not the widow of the decedent Cooper.

■ Apparently the Deputy Commissioner concluded that appellant in July, 1961, was not lawfully married to Donald N. Cooper because an earlier Maryland divorce had not become final when the Coopers were married in 1956. However a final order in the divorce action was entered in 1957. The parties continued to live as man and wife in Maryland until 1959 when they moved to the District of Columbia. Here they continued their married life and two children were born to them. It is obvious that when the Deputy Commissioner ruled adversely in December, 1961, he could not have taken into account the opinion of this court in Matthews v. Britton, 112 U.S.App.D.C. 397, 303 F.2d 408, decided April 19, 1962. There we held that where the parties had agreed to be husband and wife in ignorance of an impediment to a lawful marriage, a later removal of the impediment would result in a common law marriage between the parties if they continued to cohabit and live together as husband and wife. There seems to be no question that such was the situation in the instant case. We do not doubt that the District Judge here would have pursued a different course if the circumstances in light of our opinion in the Matthews case had been brought to his attention.

The complaint in the District Court recited the rejection of the appellant's compensation claim, which the appellee's answer admitted. But the answer and other pleadings make clear that appellee insisted appellant's sole remedy was that afforded by the Longshoremen's Act. The complaint had asked for damages "together with such other and further relief as to this Court may seem just and proper."

There is nothing of record here to suggest either that the trial court considered Matthews v. Britton, supra, or made inquiry into the circumstances which led to the Deputy Commissioner's conclusion that the appellant was not the wife of Donald N. Cooper. The appellant thus was left in the anomalous position of finding her common law action dismissed on the ground that as the wife of the decedent Cooper she must find her remedy exclusively under the Longshoremen's Act at a time when the Deputy Commissioner had decided that she was not Cooper's widow despite the already removed impediment to a lawful marriage.

Appellant here has sought to maintain her position in court through mistaken reliance upon Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, cert. denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950). She had failed to notice or to consider the impact of our *en banc* opinion in Smither and Company, Inc. v. Coles, 100 U.S.App. D.C. 68, 242 F.2d 220, cert. denied, 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129 (1957).

■■ Since the appellant has exhibited a claim which may entitle her to relief, it becomes our duty to construe the rules to secure "the just, speedy, and inexpensive determination" of the action.[4] We are bound to remand and to "require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106 (1958).[5] To that end,

4. Fed.R.Civ.P. 1. It should be observed that we find without merit appellant's alternative claim that the Longshoremen's Act, supra note 1, did not apply because D.C.Code § 36–502 (1961), specifically excepts from coverage "an employee of a common carrier by railroad when engaged in interstate or foreign commerce solely within the District of Columbia." She had purported to base this contention on the fact that her husband's employer had undertaken to load scrap materials on to a freight car on a railroad siding where the accident occurred.

5. And see Morgan v. Garris, 113 U.S.App. D.C. 222, 223–224, 307 F.2d 179, 180–181 (1962).

the District Court will allow appropriate amendment to the complaint, bring in the deputy commissioner as a party, and take all steps necessary to a determination under 33 U.S.C. § 921 (1958) as to whether or not the order denying compensation was "in accordance with law." If deemed advisable, the District Court may remand to the deputy commissioner for further proceedings.

Reversed and remanded for further proceedings not inconsistent herewith.