Tolman TAYLOR, Appellant,

v.

Frances C. TAYLOR, Appellee.

No. 4070.

District of Columbia Court of Appeals.

Submitted May 29, 1967.

Decided Sept. 15, 1967.

Charles N. Ford, Washington, D. C., for appellant.

Dovey J. Roundtree, Washington, D. C., for appellee.

Before HOOD, Chief Judge, CAYTON (Chief Judge, Retired), and QUINN (Associate Judge, Retired).

HOOD, Chief Judge:

Appellant brought this action for annulment of his marriage with appellee. He alleged that at the time of the marriage on February 9, 1965, his divorce from a prior marriage had not become legally effective, that he first learned of the illegality of the second marriage on January 8, 1966, and that since that date he and appellee had not lived together as man and wife.

Appellee in her answer alleged that a common law marriage existed between

her and appellant because they had lived as man and wife after the effective date of the divorce. Thereafter appellee moved to dismiss the complaint and in support of her motion filed an affidavit setting forth the facts in support of her claim to a common law marriage.

Appellant through counsel moved for a continuance in order to file a counter affidavit. Appellant, serving in the United States Army, was then stationed in Europe. The trial court denied the continuance and on the basis of the pleadings before it entered an order dismissing the complaint and declaring the parties to be legally married. The appeal is from that order.

The trial court based its order on alternative grounds. First, it held that appellant was estopped by D.C.Code 1961, § 30–104. This was error. Sears v. Sears, 110 U.S.App.D.C. 407, 293 F.2d 884 (1961), makes clear that the statutory estoppel is not applicable to a case such as this. Whether equitable estoppel as applied in *Sears* could be applied in the instant case would require development of many more facts than were before the court.

The second ground advanced by the trial court was its finding of a common law marriage. It is settled that if parties agree to be husband and wife in ignorance of, or with knowledge of, an impediment to lawful matrimony, the removal of that impediment results in a common law marriage between the parties if they continue to cohabit and live together as husband and wife. Matthews v. Britton, 112 U.S.App.D.C. 397, 303 F.2d 408 (1962), and cases there cited.[1] This may well be the ultimate decision in this case, but appellant was never afforded an opportunity to rebut appellee's assertions. True, he pleaded that they had not cohabited "since" January of 1966, and perhaps it may be inferred that he admitted cohabitation prior to that date, but a summary judgment should not be awarded on such an inference from a pleading. The facts should be developed through testimony.

Reversed for further proceedings in accordance with this opinion.

---

1. See also Cooper v. Lish, 115 U.S.App.D.C. 291, 318 F.2d 262 (1963).