Russell HARDY, Sr., and Katharine C. Hardy, Appellants,

v.

NORTHWESTERN FEDERAL SAVINGS AND LOAN ASSOCIATION, Richmond H. Gibson and William K. Copenhaver, Appellees.

No. 13755.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 2, 1957.

Decided Oct. 17, 1957.

Petition for Rehearing Denied Nov. 13, 1957.

Mr. Russell Hardy, Sr., Washington, D. C., with whom Mr. Russell Hardy, Jr., Washington, D. C., was on the brief, for appellants.

Mr. Jesse Lee Hall, Washington, D. C., with whom Mr. William E. Hutchinson, Washington, D. C., was on the brief, for appellees.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

Mr. and Mrs. Hardy, our appellants, sold to Mr. and Mrs. Kenneth H. Frey a piece of real property in Prince Georges County, Maryland. The price was $16,950, of which $11,500 was paid in cash and the balance was represented by two notes secured by a second deed of trust on the property. Of the cash payment $11,000 came from the proceeds of a loan secured by a first deed of trust to our appellee Northwestern Federal Savings and Loan Association. Some time thereafter Northwestern, as the party secured by the first deed of trust, notified the trustees (Messrs. Gibson and Copenhaver) that the Freys had defaulted. The trustees advertised the property and sold it at auction for $12,300, the highest bid, made by a representative of the law firm which was counsel to the Freys. One other bid, of $12,000, was made on behalf of Northwestern. Mr. Russell Hardy, Jr., son of appellants, was in attendance at the auction. The Hardys submitted no bid. The trustees filed in the Circuit Court for Prince Georges County, Maryland, a trustees' report of sale and a

prayer that the court ratify the sale. The Hardys were admitted as intervening parties and filed objections to the ratification and confirmation. Trial was had in the Circuit Court. That court rendered an opinion, which included findings of fact, and a judgment ratifying the trustees' report of sale. The Hardys appealed to the Court of Appeals of Maryland, and that court affirmed.[1]

In the meantime, after the first advertisement of the sale was published and a week before the sale occurred, the Hardys filed in the United States District Court for the District of Columbia a complaint praying that the sale of the property be enjoined and that they have judgment against Northwestern and the trustees in the sum of $6,000. The District Court rendered summary judgment for the defendants.

In so far as the present action is a prayer for injunction it is now moot, the sale having occurred.

All points of substance, save one, raised by the Hardys in the present action and on the present appeal were raised by them in the proceeding in Maryland and were considered by the Court of Appeals of that State. The Maryland courts had jurisdiction of the property and of the parties. We are not shown wherein any of the parties was deprived of any constitutional right in the proceedings in those courts. We will not inquire into the questions considered and disposed of there.

The one point raised here which was not raised in the Maryland proceedings concerns a charge of misconduct now made against the trustees. No such charge appears in the complaint, and from remarks of the trial judge it appears that no assertion of facts showing misconduct on the part of the trustees was made before him. We will not consider such a point raised for the first time on appeal.

Affirmed.

1. Hardy v. Gibson, 1957, 213 Md. 493, 133 A.2d 401.