192 So.2d 66 (1966)
Roy F. MACK, Petitioner,
v.
J.M. PEPPER, As Chairman, Robert Thoburn, As Vice-Chairman, F.A. Finley, As Secretary-Treasurer, F.F. Farver, Rupert H. Gillespie, M. Ervin Wahnish and Charles J. Hester, As Members of the Florida State Board of Dental Examiners, Respondents.
No. 66-280.
District Court of Appeal of Florida. Third District.
November 15, 1966.
Rehearing Denied December 5, 1966.
*67 Marchant, Perkins & Cook, Miami, for petitioner.
Robinson & Randle, Jacksonville, for respondents.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
Petitioner, Roy F. Mack, seeks review, by writ of certiorari, of an order of the Florida State Board of Dental Examiners which revoked his license to practice dentistry. The Board found the petitioner guilty of three separate charges; they are: (1) he caused to be listed in the yellow pages of the Greater Miami Telephone Directory a listing for Palm Springs General Hospital with his private number; (2) he advertised professional services at a greatly reduced cost to certain members of trade unions; (3) misconduct in his business which would bring discredit upon the dental profession.
In his brief, petitioner has presented two points. The first point urges that the procedure before the Dental Board was such that he was deprived of a fair and impartial trial. The second point urges that the Board's findings are not supported by substantial competent evidence. We have reviewed the record in the light of these charges, and we find that the first point is without merit. See State ex rel. Williams v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705, 95 A.L.R. 1416 (1934); Florida Board of Pharmacy v. Levin, Fla. 1966, 192 So.2d 14 [filed October 12, 1966]. The second point is also without merit. A review of the record reveals evidence to support the finding of the Board under the rules laid down in De Groot v. Sheffield, Fla. 1957, 95 So.2d 912 and Florida State Board of Dental Examiners v. Feinglass, Fla.App. 1964, 166 So.2d 686.
We find particularly apropos to the review of this record the opinion in Florida Board of Pharmacy v. Levin, supra, wherein the Supreme Court set forth a caution upon the review of orders of State professional boards. The Court stated:
"It is true some odium attaches to the method employed by some licensing boards in apprehending violators through the use of agents who make purchases and procure deliveries to themselves of unprescribed or restricted items. Nevertheless, due to the difficulties involved in regulating certain professions, such procedures have been found to be necessary and appropriate to properly administer the regulatory laws in the interest of the health and welfare of the general public. See Mitchell v. Gillespie, Fla.App., 164 So.2d 867, affirmed Fla., 172 So.2d 819; Florida Board of Pharmacy v. Hall, Fla. App., 157 So.2d 824; and Carter v. State, Fla., 155 So.2d 787.
"It is apparent that because of the particular issues in the hearing, the members of the Board of Pharmacy, who are all pharmacists (see Sec. 465.041, F.S.A.), were in all probability better qualified than others not members of the profession, to determine whether their fellow-professional Levin's action and conduct in the premises measured up to the recognized standards and regulations of the pharmaceutical profession."
Having heard argument and upon reviewing the record, we have determined that the petition for writ of certiorari should be and the same is hereby discharged.
It is so ordered.