430 F.2d 862
 Dr. Roy F. MACK, Plaintiff-Appellee,
v.
The FLORIDA STATE BOARD OF DENTISTRY, Defendant-Appellant.
 No. 28085.
 United States Court of Appeals, Fifth Circuit.
 July 7, 1970.
 Rehearing Denied and Rehearing En Banc Denied August 17, 1970.
 
 Edward H. Robinson, Richard L. Randle, Robinson & Randle, Jacksonville, Fla., for defendant-appellant.
 Horton & Schwartz, Alan R. Schwartz, Malloy H. Horton, Miami, Fla., for plaintiff-appellee.
 Before BELL, COLEMAN, and AINSWORTH, Circuit Judges.
 COLEMAN, Circuit Judge:
 
 
 1
 Upon complaint, notice, and hearing the Florida State Board of Dentistry revoked the license of Dr. Roy F. Mack to practice in that State. Without filing any specific findings of fact, the Board held Dr. Mack to have been guilty of causing in the yellow pages of the Greater Miami Telephone Directory a listing for Palm Springs General Hospital with his private number, of advertising professional services at a greatly reduced cost to certain members of trade unions, and of taking improper personal liberties with female patients which would bring discredit upon the dental profession.
 
 
 2
 Dr. Mack first obtained review of the proceedings by the Fourth Florida District Court of Appeals. He argued that the procedure before the Dental Board was such that he was deprived of a fair and impartial hearing and that the Board's findings were not supported by substantial competent evidence. The Florida Court of Appeals, with no discussion of the events at the "hearing" held these contentions to be without merit and denied relief, Mack v. Pepper, 192 So.2d 66 (1966). The Supreme Court of Florida denied certiorari without written opinion.
 
 
 3
 Dr. Mack then filed an original suit in the United States District Court for the Southern District of Florida under the Civil Rights Act of 1871, 42 U.S.C.A. § 1983, and the Fourteenth Amendment to the Federal Constitution, seeking the restoration of his license.
 
 
 4
 The opinion of the District Court disposing of the case is published, 296 F. Supp. 1259 (1968).
 
 
 5
 There is no point in paraphrasing the opinion here. Suffice it to say, the District Court decided two questions.
 
 
 6
 First, it held that the Board in proceeding to revoke a professional license was not limited to evidence beyond a reasonable doubt. With this we definitely agree, see 296 F.Supp. at 1262.
 
 
 7
 Second, the District Court held that "the mixing of functions of the Dental Board [investigating complaints, weighing the reports, filing charges, holding hearings, and deciding the merits (with its attorney conducting the "prosecution")] constituted a deprivation of procedural due process in contravention of the Fourteenth Amendment. For the reasons hereinafter set forth we modify the decision of the District Court on this question and do not decide issues not necessary to the decision of the controversy.
 
 
 8
 This Court has made an independent examination of the transcript [518 pages] of the purported hearing given Dr. Mack by the Dental Board on February 18, 1966. The hearing began at 9 o'clock in the morning and concluded at 11:35 o'clock that night. The Board declined to continue the hearings into the next day or to adjourn to some other day because that would inconvenience its members. It declined to leave the record open to allow the testimony of a prominent medical doctor who was temporarily absent in Atlanta. It declined to leave the record open to allow an examination by a urologist to determine whether Dr. Mack was impotent, which had become the paramount issue in the hearing.
 
 
 9
 The Dentist who presided over the hearing frankly stated that he was not a lawyer and was unfamiliar with the rules of evidence. This ordinarily would be of no particular moment, but Dr. Mack was represented by counsel and dozens of evidentiary questions arose. The chairman sustained at least ninety per cent of objections raised by its attorney, many times erroneously. He over-ruled about the same proportion of objections from Dr. Mack's counsel, often erroneously.
 
 
 10
 Dr. James Chimerakis, a licensed osteopathic physician, testified that he had examined Dr. Mack and found him to be impotent as the result of a rare disease. He produced x-rays of Dr. Mack which he had taken and which his assistant had developed. He said he knew of his own knowledge that the x-rays were of Dr. Mack. The Board excluded them because the written identification appeared on the envelope rather than on the film. The Board said the envelope might have been switched.
 
 
 11
 Most seriously of all, from the beginning of the "hearing" until its bitter end, one of the attorneys for the Board and one of the attorneys for Dr. Mack indulged in continuous personal acrimony, charges and counter charges, attacking each other with unconcealed venom, both as to their personal attributes and their professional competency. An experienced judge would have nipped this in the bud and, if continued, these attorneys would no doubt have swiftly found themselves the objects of discipline. The chairman, of course, did not know how to cope with this and made a very feeble effort to do so. It is no excuse to say that it was provoked by either side.
 
 
 12
 To get down to brass tacks, this was not a hearing. It was an ungoverned confrontation. We hold that Dr. Mack, as a matter of fact, has not had a hearing in that sense required of anything which claims to be an administrative hearing as known to the jurisprudence of this Country.
 
 
 13
 In so holding, we imply no affirmative criticism of the Board Members. They were not lawyers. Their mistake was in not selecting some competent attorney as a presiding officer, preferably acceptable to both sides, who could have kept the hearing within due bounds while the Board Members heard the evidence.
 
 
 14
 We do not intimate that such a procedure is Constitutionally required. We suggest it only as one way by which this situation may be avoided a second time around. Neither do we insinuate that administrative hearings must be conducted with all the formalities and strictures of a criminal case. They do not. A man who is about to lose a professional license which he has held for twenty years, however, is entitled to develop his defense in freedom from what took place in this case.
 
 
 15
 The judgment of the District Court will be affirmed on the sole ground that Dr. Mack has not had a hearing on the charges preferred against him. The case will be remanded to the District Court so that the Florida State Dental Board may, if it wishes, conduct a lawful hearing within not more than sixty days after the receipt of our mandate in the District Court.
 
 
 16
 We indicate no view of the merits of this case. On the record as a whole it is seen that there was probable cause for the bringing of the charges. We hold, therefore, that a suspension of the license pending a hearing is neither unjust nor inequitable. The license will remain suspended as ordered by the District Court until a hearing can be held or until the expiration of the sixty day period as herein provided.
 
 
 17
 The District Court will give no directions to the Florida State Dental Board as to the modus operandi of its hearing. That is the responsibility of the Board and a duty for it to discharge, within the requirements of the Constitution.
 
 
 18
 As to a hearing for Dr. Mack, the standard of proof required, and the suspension of the dental license pending a hearing, as hereinabove set forth, the judgment of the District Court is affirmed.
 
 
 19
 In all other particulars, the judgment of the District Court is vacated.
 
 
 20
 The case will be remanded for further proceedings not inconsistent herewith.
 
 
 21
 Affirmed in part, and in part vacated, and remanded.
 
 
 22
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 23
 The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.