No. 966. FLORIDA STATE BOARD OF DENTISTRY *v.* MACK. C. A. 5th Cir. Certiorari denied.

MR. JUSTICE WHITE, with whom THE CHIEF JUSTICE joins, dissenting.

Respondent, Dr. Roy F. Mack, was a dentist whose license to practice was revoked by the Florida State Board of Dentistry, the petitioner herein. Dr. Mack sought judicial review of the revocation proceedings in the state courts where he urged, without success, "that the procedure before the Dental Board was such that he was deprived of a fair and impartial trial." *Mack* v. *Pepper,* 192 So. 2d 66, 67 (Fla. Dist. Ct. App. 1966), cert. denied, 201 So. 2d 551 (Fla. 1967). Mack did not seek certiorari in this Court, but instead commenced an action in federal district court seeking relief under 42 U. S. C. § 1983. He argued in the District Court that the proceedings before the State Board were unconstitutional, in that the board acted as both prosecutor and judge in his case and further in that the charges against him were not proved beyond a reasonable doubt. The District Court held for Mack on the former, although not the latter, ground. *Mack* v. *Florida State Board of Dentistry,* 296 F. Supp. 1259 (SD Fla. 1969). On appeal, the Court of Appeals rejected both grounds advanced by Mack, but nonetheless held in his favor, concluding that the procedure before the board amounted, not to a fair and impartial hearing, but to "an ungoverned confrontation" totally unlike "anything which claims to be an administrative hearing as known to the jurisprudence of this Country." *Mack* v. *Florida State Board of Dentistry,* 430 F. 2d 862, 864 (CA5 1970).

The Board of Dentistry seeks certiorari,* contending that the Court of Appeals assumed appellate jurisdiction

---

*Mack has also petitioned for certiorari, which we today deny, No. 963, *supra.*

over the courts of the State of Florida and violated doctrines of *res judicata* in deciding an issue—the fundamental fairness of the hearing held by the Board—which had already been decided adversely to Mack in the state courts. The Board cites *Rooker* v. *Fidelity Trust Co.,* 263 U. S. 413 (1923), and numerous lower court decisions, see, *e. g., Paul* v. *Dade County,* 419 F. 2d 10 (CA5 1969), holding that a federal court may not determine constitutional issues already submitted to and determined by a state court. Indeed, *Angel* v. *Bullington,* 330 U. S. 183 (1947), which the Board does not cite, indicates that a federal court may not even decide issues which could have been but were not submitted to a state court in prior litigation.

The issue raised by petitioner is not, however, without difficulty and confusion. In *Brown* v. *Chastain,* 416 F. 2d 1012, 1014 (CA5 1969), Judge Rives argued forcefully in dissent that normal rules concerning finality of state court judgments are not always applicable in actions under § 1983, pointing out that three circuits had already opaquely suggested that position. See *Jenson* v. *Olson,* 353 F. 2d 825 (CA8 1965); *O'Connor* v. *O'Connor,* 315 F. 2d 420 (CA5 1963); *Hardy* v. *Northwestern Federal Savings & Loan Assn.,* 102 U. S. App. D. C. 371, 254 F. 2d 70 (1957). It has also been urged that a federal court should ignore the usual rules of *res judicata* when a plaintiff, who was a defendant in state court proceedings and who was thus compelled initially to present his federal claims in a state court, seeks in a federal suit to vindicate a specially protected federal interest. See Note, Res Judicata: Exclusive Federal Jurisdiction and the Effect of Prior State-Court Determinations, 53 Va. L. Rev. 1360 (1967).

Whether § 1983 is to serve as the analogue to habeas corpus in civil cases displacing the usual rules of finality seems an important and timely issue having serious state-

federal implications. Cf. *Younger* v. *Harris, ante,* p. 37; *Boyle* v. *Landry, ante,* p. 77; *Samuels* v. *Mackell, ante,* p. 66; *Dyson* v. *Stein, ante,* p. 200; and *Perez* v. *Ledesma, ante,* p. 82. Accordingly, I dissent from the denial of certiorari in this case.