William L. FULCHER, Jr.

v.

**TEXAS BOARD OF PUBLIC ACCOUNTANCY.**

Civ. A. No. B–80–214.

United States District Court,
S. D. Texas,
Brownsville Division.

Feb. 10, 1982.

Randall P. Crane, San Benito, Tex., for plaintiff.

Mark White, Atty. Gen. of Texas, Austin, Tex., Bill Campbell, Asst. Atty. Gen., Austin, Tex., for defendant.

## MEMORANDUM OPINION

DeANDA, District Judge.

The Plaintiff, William L. Fulcher, Jr., seeks a declaration that the Texas Public Accountancy Act is facially violative of the United States Constitution, and violative as applied in the form of an injunction issued by the 107th Judicial District Court of Cameron County, Texas, from the enforcement

of which he also seeks injunctive relief. The Defendant, Texas State Board of Public Accountancy, moved that the cause be dismissed, pursuant to Rule 12(b)(6), because barred by *res judicata* by virtue of prior state court decisions involving this dispute. This Court considers the Defendant's motion one for summary judgment, and it is GRANTED.

The Defendant Board in 1972 in Texas District Court sued to enjoin Plaintiff Fulcher from using the term "accountant" in representing his services to the public. The trial court ruled for then-defendant Fulcher on the basis of the unconstitutionality of the Texas Public Accountancy Act. The Court of Civil Appeals reversed, holding the Act constitutional on its face and as applied in the injunction at issue. *Texas State Board of Public Accountancy v. W. L. Fulcher*, 515 S.W.2d 950, 956 (Tex.Civ.App. —Corpus Christi 1974, writ ref'd n. r. e.).

The State Board later brought a second suit seeking a broader injunction against Fulcher's using "public accounting offices," "accounting offices," "accounting practitioner," "account," "accounting," "accountant," or "any abbreviation or derivation thereof..." Fulcher argued that the effect of the injunction was to prevent him from describing to the public the services he lawfully offers and that such was not the intent of the Act. He did not argue that the Act as applied in the form of the sought injunction violated his federal constitutional rights, until he appealed the second injunction. *Fulcher v. Texas State Board of Public Accountancy*, 571 S.W.2d 366 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n. r. e.). The appellate court found that Fulcher "failed to pursue and to receive a trial court determination" of the constitutionality of the Act, that the constitutional arguments urged on appeal "were not mentioned in appellant's trial pleadings or anywhere in the record," and were only alluded to twice in the statement of facts, once during a pre-trial conference and again towards the end of the trial when counsel disavowed

any intention to question the Act's constitutionality. *Fulcher*, 571 S.W.2d at 368–9.

■ Preliminarily, the Court does not find any basis to abstain from exercising its jurisdiction in this case. Any possible relationship the state statute and injunction might have with Texas criminal law need not be examined. Even as more recently extended, the rationale of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), does not encompass this suit which was brought after all possible state judicial proceedings had ended. *Huffman v. Pursue*, 420 U.S. 592, 607–10, 95 S.Ct. 1200, 1209–11, 43 L.Ed.2d 482 (1975).

■ The final decisions reached in those state proceedings do affect *how* federal jurisdiction is exercised, however. It is well settled that federal courts are required to give preclusive effect to state court judgments whenever the courts of the rendering state would do so. 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Gresham Park Community Organization v. Howell*, 652 F.2d 1227 (5th Cir. 1981). It is also clear that Texas *res judicata* law precludes relitigation of issues or claims which were actually determined in a prior cause of action as well as those which were not adjudicated but should have been. *Gilbert v. Fireside Enterprises, Inc.*, 611 S.W.2d 869, 871 (Tex.Civ. App.—Dallas 1980, no writ history). Determination of whether or not a claim or defense should have been made is based on a "functional ad hoc" approach which focuses on the policies underlying the doctrine of *res judicata*. *Gilbert, supra* at 874.

The U.S. Supreme Court recently refused to create an exception to the § 1738 rule for suits brought under 42 U.S.C. § 1983. *Allen v. McCurry, supra*, 449 U.S. at 98–99, 101 S.Ct. at 417. In applying collateral estoppel to an issue actually determined against the federal plaintiff while a state criminal defendant, the court noted and specifically refused to decide the "peculiar circumstance" of a § 1983 federal plaintiff seeking to litigate a federal issue which he could have, but did not, raise in an earlier

state court suit. *Allen, supra,* at 97, n.10, 101 S.Ct. at 416 n.10.*

If an "exception" were to be recognized for such cases, its nature and extent cannot be foreseen with any certainty. The *Allen* note cites *Graves v. Olgiati,* 550 F.2d 1327 (2nd Cir. 1977); *Lombard v. Board of Education,* 502 F.2d 631 (2nd Cir. 1974), and *Mack v. Florida Board of Dentistry,* 430 F.2d 862 (5th Cir. 1970). *Graves* found a previously unasserted claim not barred by *res judicata,* with no discussion of 28 U.S.C. § 1738 nor of the *res judicata* law of New York, the state there involved. *Lombard* found claim preclusion inapplicable to a procedural due process claim the plaintiff had failed to make in his state court challenge to the administrative proceedings at issue. The Court emphasized the right of a § 1983 plaintiff to choose a federal forum unfettered by state judicial exhaustion requirements. The claim involved in *Mack* appears to have been raised in state court, although the Fifth Circuit found it had been rejected "with no discussion." *Mack, supra,* at 863. The federal district court's finding of denial of procedural due process was upheld with no discussion of § 1738, nor of *Frazier v. East Baton Rouge School Board,* 363 F.2d 861 (5th Cir. 1966), a *per curiam* affirmance of the application of *res judicata* to bar federal litigation of a § 1983 discrimination claim the appellant had failed to raise in his prior state action.

Although suggested by *Lombard,* there is no reason to create a liberal preclusion rule specifically for unasserted procedural due process claims, when there is no indication of procedural infirmities in the prior state court proceedings. More important than the nature of the federal claim may be the circumstances of the failure to raise or pursue the claim in state court. After *Allen,* it is difficult to imagine an endorsement of a state civil defendant's right to "preserve" an obvious federal defense for a later federal forum, by deliberate failure to raise it in state court. Although *Allen* decided the

issue of *re* litigation, it rejected the "principle that every person asserting a federal right is entitled [either by the constitution or by § 1983] to one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the federal claim arises." *Allen, supra,* 449 U.S. at 102, 101 S.Ct. at 419.

The Supreme Court might well articulate a more narrow category, however, of "excusable" failures to raise a claim which would not trigger a *res judicata* bar. Although such a rule could be grounded in § 1983, after *Allen* it is more likely to be found a part of the § 1738 analysis; *i.e.* inherent in state *res judicata* law, just as the lack of a full and fair hearing prevents application of collateral estoppel. *See Allen* at 98–99, 101 S.Ct. at 417.

▮ Applying 28 U.S.C. § 1738 to this case, the Plaintiff is precluded from raising the Act's facial constitutionality or constitutionality as applied in the second injunction. The former was raised and determined in the first set of state proceedings, and the latter under any conceivable standard should have been raised and pursued during the second trial. There remain no issues for this Court.

The Defendant's Motion for Summary Judgment is accordingly GRANTED.

The Clerk shall send a copy of this Memorandum Opinion to counsel for the parties.

---

* The Court's footnote 23 also addresses this issue. Stating that one was not likely to fail deliberately to raise a constitutional defense specifically to avoid being collaterally estopped in a later civil action, implies that the failure itself would not necessarily preclude later assertion of the claim in another forum. *Allen, supra,* at 102, n. 23, 101 S.Ct. at 419, n. 23.