446 So.2d 502 (1984)
Moses E. WILCOX, M.D.
v.
The LOUISIANA STATE BOARD OF MEDICAL EXAMINERS.
No. CA-1026.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Rehearing Denied March 21, 1984.
Writ Denied May 11, 1984.
*503 Robert J. Conrad, Jr., Adams & Reese, New Orleans, for defendant-appellee.
*504 William E. Wright, Jr., Mary Ann McGrath Swaim, Baldwin & Haspel, New Orleans, for plaintiff-appellant.
Before REDMANN, BARRY and WILLIAMS, JJ.
WILLIAMS, Judge.
Following a formal evidentiary hearing, the Louisiana State Board of Medical Examiners ["the Board"] found defendant Moses E. Wilcox, M.D., guilty of "[p]rescribing, dispensing or administering habit-forming or other legally controlled substances in other than a legal or legitimate manner," and "[p]rofessional or medical incompetency," in violation of the Louisiana Medical Practice Act's provisions La.R.S. 37:1285(6) and (12), respectively. The Board suspended defendant's license to practice medicine for three months, confiscated defendant's licenses to prescribe Schedule II controlled substances, and placed defendant on three years probation. On review, the trial court modified the Board's decision, reducing the suspension of defendant's medical license to 60 days and making the confiscation of defendant's license to prescribe Schedule II drugs run concurrently. The court increased defendant's probation to five years.
On appeal, defendant argues that the action taken by the Board should be voided because the Board failed to comply with the Louisiana Open Meetings Law, La.R.S. 42:5 et seq. A suit to void any administrative action for violation of the Open Meetings Law is barred if not commenced within sixty days of the disputed action. La.R.S. 42:9; Kennedy v. Powell, 401 So.2d 453 (La.App. 2d Cir.), writ denied, 406 So.2d 607 (La.1981). Defendant raised this issue long after the sixty day period had run and it is therefore barred. Additionally, defendant failed to raise this issue in the trial court.
Defendant also argues on appeal that the Board violated his due process rights; first, by presenting primary evidence concerning defendant's case at hearings about which defendant was not notified and at which defendant was not represented; and second, because the standards applied by the Board were unconstitutionally vague.
Defendant's first argument is merely speculative. At trial, defendant was granted a continuance specifically to review and offer into evidence portions of transcripts from the contemporaneous Board hearings of other doctors accused of prescribing controlled substances in an illegal manner, so that defendant could prove his allegations of unconstitutionality. Defendant introduced no such evidence. Further, "[a] final decision or order adverse to a party in an adjudication proceeding shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law." La.R.S. 49:958. "Findings of fact shall be based exclusively on the evidence and on matters officially noticed." La.R.S. 49:955(G). These provisions of the Louisiana Administrative Procedure Act direct that the Board must not take into consideration extrinsic evidence such as any comments allegedly made in the other Board hearings. The weight of the evidence against defendant found in the record is heavy and convincing. We find no reason to conjecture that the Board's decision was based in any part upon evidence other than that presented to it at defendant's hearing alone.
Defendant further argues that La. R.S. 37:1285(6), empowering the Board to suspend or revoke a license for "[p]rescribing, dispensing, or administering habit-forming or other legally controlled substances in other than a legal or legitimate manner," is unconstitutionally vague.
This argument is without merit. The statutory provision incorporates federal and Louisiana law in the area. Federal regulations provide that:
A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual scope of his professional practice.... An order purporting to be a prescription issued not in the usual course of professional treatment *505 ... is not a prescription ... and the... person issuing it shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.
21 C.F.R. Section 1306.04(a). In United States v. Collier, 478 F.2d 268 (5th Cir. 1973), the court stressed that "[a] physician is restricted to dispensing or prescribing drugs in the bona fide treatment of a patient's disease." At 272 (emphasis added). Louisiana law defines "prescribe" to mean "the act of issuing of a written request or order for a controlled dangerous substance by a person licensed under this Part for a legitimate medical purpose. The act of prescribing must be in good faith and in the usual course of the licensee's professional practice." La.R.S. 40:961(29). "`Prescription' means a written request for a drug or therapeutic aid issued by a licensed physician ... for a legitimate medical purpose, for the purpose of correcting a physical, mental, or bodily ailment, and acting in good faith in the usual course of his professional practice." La.R.S. 40:961(30). We do not consider the directive that La. R.S. 37:1285(6) imposes upon the medical profession to be unconstitutionally vague.
Lastly, defendant argues that the Board has failed to meet its substantive burden of proof and that the judgment, therefore, cannot stand. In particular, defendant attacks the qualifications and credibility of the Board's witnesses, and seeks to justify each of the prescriptions he issued for Schedule II controlled substances. After reviewing the record we find the Board's witnesses to be qualified and credible. The physical evidence in the record, including copies of 697 Schedule II prescriptions, primarily for Preludin and Desoxyn, issued by the defendant over a 15 month period, was highly probative. The defendant maintained patients on Preludin or Desoxyn for as long as eight months. One 5'6" patient, whose weight of 127 pounds was clearly not excessive, was prescribed Desoxyn for a period of five months. In some instances, a patient was issued two prescriptions for Schedule II drugs in the same day. We cannot conclude other than that the Board has easily met its burden of proving defendant's violation of La.R.S. 37:1285(6) and (12).
On cross-appeal, the Board submits that the trial court erred in modifying the Board's Final Decision.
In its Reasons for Judgment, the court wrote:
The indeterminate suspension of a narcotics license raises severe constitutional questions. The court also feels that permitting the medical practice by a physician with restrictions from prescribing necessary drugs, subjects the patient to dangers of improper treatment.
For this reason, the court feels the restriction should coincide with the suspension period.
More protection for society will be accomplished in this instance by a probation of five (5) years rather than the penalty previously imposed. La.R.S. 49:964(G).
The Board refers to its clear authority to permanently revoke a license to dispense controlled substances, La.R.S. 37:1285, as necessarily affirming the constitutionality of indefinitely suspending the same license. Nonetheless, the Board points out that it advised the trial court and defendant's attorney in open court that the suspension of defendant's controlled substances license was only to be contemporaneous with defendant's three year probation. The Board offered to stipulate or amend its decision to clarify that the suspension is of a three year duration, and it remains willing to do so. A court may modify an administrative agency's decision only:
... if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or *506 (6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

* * * * * *
La.R.S. 49:964(G).
Casting judgment upon the professional behavior of a fellow member of the medical profession is a matter peculiarly within the expertise of an agency composed of members of that profession. Courts should be cognizant of the very strong presumption of validity and propriety in such an administrative action. See Fisher v. Louisiana State Board of Medical Examiners, 352 So.2d 729 (La.App. 4th Cir. 1977), writ den., 353 So.2d 1338 (La.1978).
The trial court modified the Board's decision and substituted its own judgment. We believe that the Board's decision should be reinstated, clarifying it to indicate that the controlled substances license suspension shall run concurrently with the three year probationary period.
Accordingly, we amend the trial court judgment such that defendant's license to practice medicine is suspended for three months and his license to prescribe Schedule II controlled substances is suspended for three years, to run concurrently with his three year probation.
AMENDED.