644 So.2d 238 (1994)
Victor ALEXANDER, M.D.
v.
LOUISIANA STATE BOARD OF MEDICAL EXAMINERS.
No. 94-CA-0101.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1994.
Rehearing Denied November 15, 1994.
*239 L. Thomas Styron, Robert J. Conrad, Adams and Reese, New Orleans, for defendant/appellee.
Shelia C. Myers, New Orleans, for plaintiff/appellant.
Before SCHOTT, C.J., and BYRNES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
This is an appeal from a judgment of the Civil District Court for the Parish of Orleans, affirming a decree of the Louisiana State Board of Medical Examiners (Board) imposing certain disciplinary sanctions against appellant, Victor Alexander, M.D. (Alexander).
In 1985, Alexander was indicted by a grand jury in the United States District Court for the Eastern District of Louisiana, and was in 1986 convicted by a jury in that Court of having robbed a federally-insured savings and loan association of over $2,000, a felony violation of 18 U.S.C. § 2113(a). That conviction was reversed[1] based on the trial court's refusal to admit certain expert testimony concerning the identification of Alexander as the bank robber. Alexander was re-tried and once again convicted by a federal court jury, and this conviction was affirmed.[2]
Following the action of the federal appellate court in 1989, the Board filed an Administrative Complaint against Alexander pursuant to LSA-R.S. 37:1285, which provides in pertinent part:
A. The board may ... suspend or revoke any license ..., or impose probationary or other restrictions on any license ... issued under this Part for the following causes:
Conviction of a crime ... constituting a felony under the laws ... of the United States....
C. The board may, as a probationary condition, or as a condition of the reinstatement of any license or certificate suspended or revoked hereunder, require the license or permit holder to pay all costs of the board proceedings, ..., and to pay a fine not to exceed the sum of five thousand dollars.
Following an administrative hearing at which Alexander was represented by counsel, the Board rendered Findings of Fact and Conclusions of Law, finding Alexander to be a duly licensed physician who had been found guilty and convicted of a felony under the laws of the United States. By virtue of the Board's findings, it suspended Alexander's license to practice medicine in Louisiana for three years from the date of the judgment, 1 *240 August 1989. The Board further ordered the suspension suspended and stayed effective as of the date on which Alexander would be released from federal prison, subject to the following probationary terms, conditions and restrictions:
A. Until reinstatement of unrestricted licensure by the Board, Alexander's practice would be limited to an institutional setting or program previously approved by the Board in writing;
B. As express, prior conditions to reinstatement of unrestricted medical licensure to Alexander, he shall have:
1. submitted satisfactory evidence of final discharge from Federal custody;
2. taken and successfully passed the Special Licensing Examination (SPEX) of the Federation of State Medical Boards of the United States, as administered by the Board; and
3. made a personal appearance before the Board.
C. Alexander would remain on probation for a period of three years following the issuance of the unrestricted license.
D. Alexander would pay a fine of $5,000, which fine will be waived provided that Alexander successfully satisfied and completed the terms and period of probation ordered by the Board.
Alexander applied to the Board to reopen the hearing, which application was denied.
Alexander appealed the Board's ruling to the Civil District Court for the Parish of Orleans which stayed the effect of the Board's decree and remanded the case to the Board, essentially for the relitigation of Alexander's conviction. On an application for writ of review, this Court reversed, finding the trial court abused its discretion in remanding the case to the Board. The Louisiana Supreme Court denied Alexander's writ application.
The trial court ruled on 4 December 1992 that the law and evidence did not support Alexander's contention that the penalty imposed by the Board should be modified. On 15 December 1992, the trial court entered judgment allowing Alexander to present as additional evidence the deposition testimony of Gregory Weiss, the Board's prosecutor, in order to address Alexander's remaining claim of prosecutorial misconduct. The deposition was taken, the case was submitted on 21 July 1993, and judgment was rendered on 1 September 1993, dismissing Alexander's petition, making the Board's decision executory and lifting the stay. The trial judge found that the record failed to demonstrate that any of the questioned conduct by the prosecutor, including specifically his comments to the Board on evidentiary matters, ultimately made any difference in the outcome of the hearing or the procedure by which Alexander's claim was handled by the agency. In its reasons for judgment, the trial court found:
"Essentially, the Louisiana Medical Practice Act, LSA-R.S. 37:1285 A(1) charges the Board with the authority to impose disciplinary action against a physician within its jurisdiction upon a determination that the physician has been convicted of a felony. The evidence in this case is undisputed that Dr. Alexander was convicted of a felony. Further, under the Medical Practice Act, the Board has the discretion to impose a full range of licensure sanctions, up to and including revocation. The Court notes that the penalty imposed on Dr. Alexander's medical license by the Board was significantly less severe than the maximum available."

SCOPE OF REVIEW
This Court's review of the action taken by the Board is "limited to a determination of whether the decision was unreasonable, arbitrary or capricious or amounted to an abuse of discretion." Montalbano v. Louisiana State Board of Medical Examiners, 560 So.2d 1009, 1011 (La.App. 4th Cir.1990). Further, we must be cognizant of the "strong presumption of validity and propriety in such administrative actions where casting judgment upon the professional behavior of a fellow member of a profession is a matter peculiarly within the expertise of an agency composed of members of that profession." Id., citing Wilcox v. Louisiana State Board of Medical Examiners, 446 So.2d 502 (La. *241 App. 4th Cir.1984), writ denied, 450 So.2d 359 (La.1984); Fisher v. Louisiana State Board of Medical Examiners, 352 So.2d 729 (La.App. 4th Cir.1977), writ denied, 353 So.2d 1338 (La.1978).

ALEXANDER'S SPECIFICATIONS OF ERROR

1. Alexander was denied due process in his hearing before the Board when the Board utilized the same attorney prosecuting the case on behalf of the Board in the capacity as legal counsel to the Board rather than obtaining the legal advice of outside independent legal counsel.
Alexander rests this specification on three incidents he contends illustrate such a dual capacity on the part of Mr. Weiss.
The hearing was held after Alexander's conviction had been affirmed by the United States Court of Appeal for the Fifth Circuit, but while his application to the United States Supreme Court for a writ of certiorari was pending. During the hearing, Weiss argued to the Board that Alexander's conviction was "final." In light of the fact that Alexander's counsel had agreed to formally waive any technical objection based on the finality of the federal court conviction, Weiss' argument, whether characterized as argument of counsel or as advice to the Board, was moot.
The second incident relied on by Alexander occurred when Weiss interrupted Alexander's counsel's argument to the Board that it was required to re-examine the factual basis for Alexander's conviction. At that time, Weiss said:
"I'm going to have to interrupt you right here. I'm going to cut you short. I apologize for interrupting you. I apologize for interrupting your statement, Miss Myers, but that is incorrect."
Alexander contends that this interruption shows that Weiss was acting as general counsel to the Board. We find Weiss' comments to be consistent with his position as prosecutor before the Board. As an advocate, Weiss argued, essentially, that the issue before the Board was not whether Alexander was guilty of a federal felony (as to which the proffer might have probative value), but, under the Board's statutory grant of authority, whether Alexander had been convicted of a federal felony (as to which the proffer was irrelevant).
The third basis asserted by Alexander arises out of a post-hearing letter written by Weiss to the Board concerning Alexander's proffer of certain exculpatory evidence from his federal trial. At the Board hearing, Weiss had objected both to the admission of the evidence and to its acceptance as a proffer. Following correspondence between Weiss and counsel for Alexander, Weiss acknowledged that the questioned material would be made a part of the administrative record, and the material was received as a proffer.
As authority for his contention that these three incidents constitute prosecutorial misconduct that violated Alexander's right to due process in the administrative hearing[3], Alexander cites Allen v. Louisiana State Board of Dentistry, 543 So.2d 908 (1989), modified on rehearing June 29, 1989, and Mack v. Florida State Board of Dentistry, 430 F.2d 862 (5th Cir.1970), certiorari denied 401 U.S. 954, 91 S.Ct. 970, 28 L.Ed.2d 237 (1971) and 401 U.S. 960, 91 S.Ct. 971, 28 L.Ed.2d 245 (1971). Neither case requires the conclusion that the Board's action was unreasonable, arbitrary or capricious or amounted to an abuse of discretion.
The issue in Allen was whether the involvement of the prosecutor, Wootan, in the preparation of the committee's findings of fact and conclusions of law violated Allen's due process rights. In Allen, the Court found that the "testimony of ... three members of the panel clearly indicates the committee members never even arrived at detailed findings and conclusions. They delegated this task to Wootan in his role as *242 counsel to the Board." Allen, supra at 913. Indeed, the prosecutor's assistant testified she used no findings by the committee in preparing the draft findings and conclusions. Because the Court found that Wootan had indeed supplanted the committee's role as finder of fact, it concluded that Allen's due process rights had been violated. The record of the instant case is barren of such proof. The findings and conclusions in this case were succinct: that Alexander was a physician licensed to practice in Louisiana and that he had been convicted of a felony under the laws of the United States were the sole elements required to be found in order to authorize imposition of sanctions under the Medical Practice Act.
The combination of investigative and judicial functions within an agency was upheld in Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). The Supreme Court set out the burden of proof where a plaintiff asserts that the combination of these functions creates an unconstitutional risk of bias, requiring that the plaintiff:
"overcome a presumption of honesty and integrity in those serving as adjudicators and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden." Withrow, supra 421 U.S. at 46, 95 S.Ct. at 1464.
In this case, the Medical Practice Act does not require or permit the Board to ascertain the correctness of the actions of the federal grand and petit juries or of the Fifth Circuit Court of Appeal or of the United States Supreme Court. The statute asks only whether Alexander was, in fact, convicted of a felony under the laws of the United States or the State of Louisiana. The risk of bias in a case such as this, where the ultimate facts are not in dispute, is non-existent. Had Alexander not been convicted of a felony, his appeal rights fully protect him from the result of an animus on the part of the Board that would have found conviction where there had been none. In this case, the fact of conviction is amply supported by the record and by the reported case in which Alexander was defendant.
Neither does the Mack case support the result Alexander seeks. The Mack court found plaintiff's due process rights to have been violated by a proceeding in which the counsel for each party "indulged in continuous personal acrimony, charges and countercharges, attacking each other with unconcealed venom, both as to their personal attributes and their professional competency.... To get down to brass tacks, this was not a hearing. It was an ungoverned confrontation." Mack, supra at 864. The Court specifically said it did not intimate that the Constitution required selection of a competent attorney to, essentially, act as a neutral referee, but held that Mack's "hearing" was too disruptive and acrimonious to constitute a proper hearing within the meaning of due process.
There is no allegation that Alexander's hearing was held in such an atmosphere; indeed, a review of the record shows that the counsel for Alexander and the prosecutor, while strong and able advocates for their respective positions, were respectful and polite in their remarks, and the proceedings were serious and decorous.
We do not find that the actions complained of, when viewed against the jurisprudential background, require a conclusion that Alexander's rights to due process in this administrative proceeding were violated. This specification of error is without merit.

2. The Board erred in refusing to admit "Proffer 1".
"Proffer 1" contained exculpatory identification evidence and information concerning Alexander's financial status that had been a part of Alexander's defense in his federal trial.
Alexander contends that the Board's refusal to admit this evidence was erroneous and taints the Board's findings, relying by analogy on Louisiana State Bar Ass'n v. Frank, 472 So.2d 1 (1985). Alexander alleges that the Board was prevented from having all the background data necessary to administer a fair disciplinary sanction. We believe *243 that Alexander's reliance on Frank is misplaced. The Louisiana Supreme Court held that the facts underlying Frank's conviction for interstate transportation of a counterfeit security (rather than for a substantive offense such as forgery) were extremely important in the determination of appropriate discipline, holding:
"The Facts upon which the conviction was based should be presented in some manner... at the hearing ... so that the commissioner and this court will have the information available for use in the determination of discipline. This information is particularly useful when the conviction was in a federal court or a court of another state and the crime was not a substantive one which parallels a crime defined by Louisiana law." Frank, supra at 2 (emphasis added).
The Court found that because the government was required to prove only that Frank caused the security to be placed in interstate commerce when he knew or should have known it to have been counterfeit made it "important to review the evidence produced at the criminal trial before discussing the appropriate discipline." Id.
Alexander's crime was bank robbery, and his participation as set forth in his conviction was patent. The considerations of intentional participation and possible varying degrees of moral culpability present in Frank are absent in the case at bar. This specification of error is therefore without merit.

3. The penalty imposed on Alexander was arbitrary and capricious and violative of the prohibition against double jeopardy.
Alexander contends that the penalty imposed by the Board constitutes double jeopardy under the standard of U.S. v. Halper, 490 U.S. 435, 448-449, 109 S.Ct. 1892, 1901-1902, 104 L.Ed.2d 487 (1989).[4] In Halper, the Court struck down as disproportionate and violative of Double Jeopardy a civil penalty of $130,000 under the False Claims Act where the Government's expenses approximated $16,000, holding:
"[T]he determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment.... We have recognized in other contexts that punishment serves the twin aims of retribution and deterrence.... [U]nder the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution."
The Court recognized that the inquiry is "not an exact pursuit." Clearly, the Board may tailor a remedy that will compensate it for its own costs in the investigation and prosecution of the matter. As further guidance to this court of review, the Supreme Court held:
"We must leave to the trial court the discretion to determine on the basis of such an accounting the size of the civil sanction the Government may receive without crossing the line between remedy and punishment." Halper, supra, 490 U.S. at 450, 109 S.Ct. at 1902.
In the instant case, the $5000 fine is conditional and will not be imposed provided that Alexander fulfills the conditions of his probation as set forth in the Board's decree: restricted practice while in custody, evidence of final discharge from federal custody, passage of the Special Licensing Examination of the Federation of State Medical Boards of the United States, as administered by the Board, and a personal appearance before the Board. We find that the trial court did not *244 abuse its discretion in failing to find that this conditional fine, under the circumstances of this case, violated Alexander's privilege against Double Jeopardy.
We find the trial court did not err when it failed to find the Board's decree to be arbitrary and capricious. The imposition of a requirement that Alexander demonstrate, by taking and passing the SPEX, that his skills as a physician had not deteriorated during the period of his trials, appeals and incarceration is clearly within the Board's authority and is designed not to punish Alexander, but to protect the public whom he may seek to serve. Alexander's third assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the Civil District Court for the Parish of Orleans dismissing the petition of Victor Alexander, M.D., affirming the decree of the Louisiana Board of Medical Examiners and lifting the stay of that decree is affirmed.
AFFIRMED.
NOTES
[1] United States v. Alexander, 816 F.2d 164 (5th Cir. 1987).
[2] United States v. Alexander, 869 F.2d 808 (5th Cir.1989), rehearing and rehearing en banc denied 27 April 1989; certiorari denied 493 U.S. 1069, 110 S.Ct. 1110, 107 L.Ed.2d 1018 (1990).
[3] The guarantee of due process provided in the 14th amendment to the United States Constitution and in the Louisiana Constitution, Article I, § 2, applies to administrative proceedings. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S.Ct. 1487, 1492, 84 L.Ed.2d 494 (1985); Ensenat v. Louisiana State Bd. of Medical Examiners, 593 So.2d 929, 933 (La.App. 4th Cir. 1992).
[4] If this argument is interpreted as an attack on the constitutionality of the Medical Practice Act, it has been waived by Alexander's failure so to plead below. "A litigant who fails to plead the unconstitutionality of a statute cannot legally raise the constitutional issue in the appellate court." Montalbano v. Louisiana State Board of Medical Examiners, 560 So.2d 1009, 1010 (La. App. 4th Cir.1990).