JjBAGNERIS, Judge.
Plaintiffs/Appellants, employees of the New Orleans Sewerage and Water Board, appeal a decision rendered by the Civil Service Commission for the City of New Orleans (“CSC”), whereby the CSC found in favor of the Defendant/Appellee, the Sewerage and Water Board of New Orleans (S&WB). The CSC held that the wages paid to the appellants were consistent with the Civil Service Rules and all other applicable rules and consequently dismissed the employees’ claim of improper compensation. On appeal, the appellants argue that the S&WB improperly calculated the overtime compensation for its shift worker employees in such a manner so as to exclude the shift differential entitlements for overtime hours actually worked. We agree with the appellants’ argument. For the reasons stated below, we reverse the ruling of the CSC.
FACTS AND PROCEDURAL HISTORY
On August 12, 1997, employees of the New Orleans Sewerage and Water Board (hereinafter “the appellants”) appealed to the City Civil Service Commission (“CSC”) contesting a Sewerage and Water Board (“S&WB”) policy, which took effect on or about September 10, 1996. This policy related specifically | ?to the guaranteed shift differential pay of S&WB shift workers. The appellants worked 48-hour shifts each week at one or more of the S&WB’s pumping stations. The matter was assigned to a Hearing Examiner by the Civil Service Commission pursuant to Article X, Section 12 of the Louisiana Constitution. On June 16, 1998, a hearing was held.
APPLICABLE LAW
CSC Rule IV, § 1.6 provides that any full-time employee required to work either a seven (7) or eight-(8) hour shift “around the clock” shall be granted additional monetary compensation. Moreover, employees who worked the night shift between the hours of 3:00 p.m.-ll:00 p.m. received an additional pay differential of 2.6%, while employees who worked the night shift between the hours of 11:00 p.m. — 7:00 a.m. received an additional pay differential of 5.0%. The appellants worked both the 3:00 p.m. — 11:00 p.m. shift, for which they were entitled to the 2.5% pay differential and the 11:00 p.m. — 7:00 a.m. shift, for which they were entitled to the 5.0% pay differential on a rotating basis.
CSC Rule IV, § 9 has incorporated the minimum wage and overtime requirements of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. It provides that non-exempt employees shall be paid overtime at their appropriate rate of not less than one and one-half times their rate of pay for each hour worked in a work period in excess of the maximum hours allowable, which are applicable to the type of employment in which the employee is engaged.
Moreover, CSC Rule IV, § 9.3 has expressly adopted the provisions of 29 U.S.C. § 207(a) (1) which require that all nonexempt classified employees shall be paid overtime at the regular hourly base rate for all hours worked in excess of forty (40) hours in a seven (7) consecutive day work period.
^Lastly, CSC Rule I, § 10 defines “base rate” as that amount established by the CSC as enumerated in the pay range scale of the classified pay plan which represents salary or wages earned by or paid to any employee by reason of services rendered in any position, exclusive of all overtime payment, shift differential pay, special *667 rates of pay and temporary pay increases earned in accordance with their rules.
I. THE SEWERAGE AND WATER BOARD IMPROPERLY CALCULATED THE OVERTIME COMPENSATION OF ITS SHIFT WORKER EMPLOYEES IN SUCH A MANNER SO AS TO EXCLUDE SHIFT DIFFERENTIAL ENTITLEMENTS FOR OVERTIME HOURS ACTUALLY WORKED.
Regarding this particular issue, we find the appellants’ argument compelling. Likewise, we find the federal jurisprudence they have cited in their argument directly on point with the issue at bar. Specifically, § 207(a)(1) of the Fair Labor Standards Act provides the following:
Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours specified at a rate not less than one (1) and one-half Qk) times the regular rate at which he is employed. (Emphasis Added).
Regular rate includes all remuneration paid to an employee and is generally calculated by dividing the total compensation paid by the numbers of hours worked in a workweek. Brock v. Two R Drilling Co., Inc., 772 F.2d 1199, 1200 (5th Cir.1985). Shift differentials, whether paid contemporaneously in an hourly wage or deferred in a bonus fashion, are included in the regular rate. Thomas v. Howard Univ. Hosp., 39 F.3d 370, 372 (D.C.Cir.1994); Featsent v. City of Youngstown, 70 F.3d 900, 904 (6th Cir.1995). The Act requires the inclusion in the regular rate of such extra premiums as night shift differentials, whether they take the form of a Lpercent of the base rate or an addition of so many cents per hour, and premiums paid for hazardous, arduous or dirty work. 29 C.F.R. § 778.207(b). Overtime compensation, when triggered in a workweek, must be computed on a basic hourly rate established by contract between an employer and employee, as well as any shift differential that may not be included in the basic rate. 29 C.F.R. § 548.502.
We begin our analysis with the appellants’ promulgated clear and concise method of determining the correct remuneration for shift employees under the CSC guidelines and the articulated precedence. The appellants earned a base hourly rate of $10.03. When working the 3:00 p.m. — 11:00 p.m. shift, the shift pay differential at issue, their base salary was increased to $10.28.[1] That sum is then multiplied by forty (40) in order to ascertain their average weekly salary, which is $411.20.[2] The compensation for the eight (8) hours overtime is then determined by multiplying the hourly rate of pay, including the shift pay differential, $10.28 times one and a half (1.5) times eight (8) hours. This amount totals $123.36. The two amounts are then added together, and, the total amount that the appellants are entitled to for a forty-eight hour workweek is $534.56.[3]
Alternatively, the S&WB has put forth a computer expert, Mr. Stuart Sebille (“Mr. Sebille”), who suggests that the calculation of overtime compensation is “not an easy calculation.” Mr. Sebille contends that in *668 stead of determining time and a half for the eight (8) overtime hours of the forty-eight (48) hour work-week, the S&WB FLSA System computer program (the “program”) follows a two-prong | ¿formula whereby the program multiplies the base pay of the appellant times the FLSA percentage times eight (8) hours of overtime times the “FLSA pay” to ascertain the proper weekly compensation.
In this scenario, the program first takes the hourly rate of compensation, including the pay shift differential, which is $10.28[4] and multiplies it by forty-eight (48), the number of hours a shift employee works in a week. This number equals $493.48. The program then subtracts $2.00 from the $493.48 total, which decreases it to $491.48. The $491.86 is then divided by forty-eight (48), the number of hours worked in the workweek, which yields the “FLSA pay percentage” of $10.247083 or $10.25. In the second part of the formula, the FLSA pay percentage of $10.25 is multiplied by the eight® hours of overtime, and then by .5, the half-time component. This figure yields $40.988 or $40.99.[5] Finally, the program adds the two sums together. The sum total is $532.47.
The monetary difference between the two methods of calculation is $2.09 in favor of the S&WB. We agree with the appellant’s argument that under the S&WB’s FLSA program, a shift worker is deprived of the $2.00 shift pay differential for the last eight (8) hours of the forty-eight (48) hour week. We are hard-pressed to understand the reasons for utilizing such a complicated system when Mr. Sebille has even conceded that FLSA does not directly address shift differential, but rather, addresses the issue of overtime. As a result, this Court is reluctant to validate what we have found to be a woefully, unsubstantiated method | fiof calculation that essentially divests these shift employees of their hard earned money.
For the aforementioned reasons, we reverse the decision of the Civil Service Commission and hold that the S&WB improperly calculated the overtime compensation of its shift employees in such a manner so as to exclude shift differential entitlements for overtime hours actually worked.
II. THE CIVIL SERVICE COMMISSION’S DECISION SUSTAINING THIS PRACTICE WAS ARBITRARY AND CAPRICIOUS AND SUBJECT TO REVERSAL.
The scope of appellate review of action taken by an administrative agency is limited to a determination of whether the decision was unreasonable, arbitrary or capricious or amounted to an abuse of discretion. Montalbano v. Louisiana State Board of Medical Examiners, 560 So.2d 1009, 1011 (La.App. 4 Cir.1990); Alexander v. Louisiana State Board of Medical Examiners, 94-0101, (La.9/29/94) 644 So.2d 238.
Moreover, La. R.S. 49:964(G) provides in relevant part:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
*669 (3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) arbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court.
In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of this rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand ^observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
We find that the S&WB has not substantiated its shift differential payment system by a preponderance of the evidence in this matter. The only explanation that the S&WB has offered before this Court regarding this calculating method is that this is the way the FLSA computer program was intended to work. This Court finds this justification to be insufficient and unacceptable, especially when such a calculation ends up depriving shift employees of their overtime shift differential payment. Thus, we conclude that the S&WB’s complicated and abstruse method of calculating shift differential pay is unsupported by the evidence presented and unreasonable in light of the simplistic alternatives, that do not economically harm shift employees, presented before this Court by the appellants.
For the above reasons, we hold that the Civil Service Commission’s decision sustaining this pay practice was unreasonable given the nature of this matter and is therefore subject to reversal.
CONCLUSION
We find that the appellants have proven that the S&WB used unreasonable methods of calculating shift pay differential. The validity of these calculations was neither supported by a preponderance of the evidence nor a legitimate explanation. For these reasons, we reverse the decision of the Civil Service Commission and remand this matter for further proceedings in accord with this opinion. We note that all monetary issues addressed in the appellants’ brief shall be determined by the Civil Service Commission upon remand.
We further note that this Court has received the Motion for Summary Judgment filed by the appellants. Because this is a court of review, we lack authority to grant such a motion. This matter can be handled upon remand by the Civil Service Commission. Therefore, IT IS HEREBY ORDERED that this Motion for Summary Judgment be transferred to the Civil Service Commission for their review and decision.

REVERSED AND REMANDED WITH ORDER.

. $10.03 x .025 = $10.28075 (rounded to $10.28).

. $10.28 x 40 = $411.20 — average weekly wage.

.$411.20 (40 hours of work) + $123.36 (8 hours of overtime) = $534.36.

. $10.03 X .025 = $10.28075.

. $10.247083 (FLSA pay percentage) x 8 (overtime hours) X .5 (half component) = $40.99.